SOLOMON ROBINSON *vs.* ISABELLE M. DONALDSON & another.

Suffolk.     December 1, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Superior Court.   Equity Pleading and Practice,* Appeal: dismissal for want of prosecution, record.

A judge of the Superior Court has no power to relax the terms of G. L. c. 214, § 19, requiring that an appeal from a final decree in a suit in equity "shall forthwith be entered in the Supreme Judicial Court."

A judge of the Superior Court who, a commissioner having been appointed under Equity Rule 35, heard a suit in equity, found for the defendant on September 5. The commissioner's report was completed the following March. In June a final decree dismissing the bill was entered. The plaintiff appealed therefrom three days later and requested a report under G. L. c. 214, § 23, of material facts found by the judge. Such report was filed on August 13. In the succeeding January, the appeal not having been entered in this court, the defendant moved in the Superior Court that it be dismissed for want of prosecution. The court ordered the appeal dismissed unless it was entered in the following March. The defendant appealed from this order. The plaintiff's appeal was entered within the time set by the order. *Held,* that

(1) The plaintiff's appeal was not entered "forthwith" as required by G. L. c. 214, § 19;

(2) So much of the order of the Superior Court as allowed an extension of the time for the entering of the plaintiff's appeal was not warranted;

(3) The defendant's motion that the appeal be dismissed should have been allowed unconditionally;

(4) In the circumstances above described, the merits of the plaintiff's appeal were not considered by this court and a rescript was issued dismissing it.

BILL IN EQUITY, filed in the Superior Court on January 11, 1921, under G. L. c. 214, § 3, cl. 7.

In the Superior Court, the suit was heard by *Morton,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The facts relating to an appeal by the plaintiff from a final decree dismissing the bill and an order by *Brown,* J., upon a motion, filed by the defendant on January 7, 1924, that the appeal be dismissed, and the defendant's appeal from the order upon that motion are described in the opinion.

*W. H. Garland,* for the plaintiff.

*Asa P. French,* for the defendant Donaldson, submitted a brief.

RUGG, C.J.    This is a suit to reach and apply, in payment of damages alleged to be recoverable under a lease from the principal defendant, Isabelle M. Donaldson, to the plaintiff, property in the hands of the other defendant.    G. L. c. 214, § 3, cl. 7.    See *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118.

The case was heard before a judge of the Superior Court, who made a finding for the defendant on September 5, 1922. A final decree dismissing the plaintiff's bill was entered on June 11, 1923.    From that decree the plaintiff on June 14, 1923, appealed and requested a report of the material facts found by the judge.    G. L. c. 214, § 23.    The judge filed such report with his rulings on evidence on August 13, 1923. The defendant on January 7, 1924, filed in the Superior Court under G. L. c. 231, a motion to dismiss the appeal for want of prosecution, in that the appeal had not been entered in compliance with G. L. c. 214, § 19.    That motion was heard on affidavits filed by the attorneys for the respective parties. That in behalf of the plaintiff sets out facts as to delay in getting and inaccuracies in the transcript of evidence heard at the trial, but avers that it was received "about six months after the trial," that is to say, at latest by March, 1923. An extract from a letter of the attorney for the defendant to the judge is inserted in the affidavit of the attorney for the plaintiff, of this tenor: "If, as I understand was agreed, the testimony taken by the Commissioner is to be reported, though in abbreviated form, and the situation being that at the close of the plaintiff's evidence and offers of proof you ruled that upon a proper construction of the lease, and upon all the evidence offered by him he was not entitled to recover, I see no occasion for an elaborate — nor indeed any — finding of fact.    The case will then be presented fairly, squarely and succinctly to the Supreme Court whether or not the plaintiff introduced any evidence upon which, under the rules of law, damages could be awarded him."    The affidavit continues: "Mr. French submitted, however, certain requests for find-

ings; and on August 3, [13] 1923, the Court filed his findings and rulings as before stated. I was then and still am of the opinion that the findings and rulings, together with the pleadings were sufficient to present all questions of law involved in the case." On the defendant's motion to dismiss the appeal the order was, "Motion allowed after hearing unless papers are prepared and entered in clerk's office of the full court on or before March 3, 1924." The question is, whether that order can be supported on the affidavits.

The record on the plaintiff's appeal as printed contains simply the bill, answer, finding, report of facts and rulings on evidence made by the judge, and the appeal. No transcript of evidence is printed. It covers a little less than nine printed pages.

The case was ripe for final preparation and printing of record on August 13, 1923, when the judge filed his finding of material facts and rulings on evidence. The words of G. L. c. 214, § 19, are that an appeal such as this "shall forthwith be entered in the Supreme Judicial Court." It is manifest that this record shows no facts susceptible of being construed as a compliance with that mandate of the statute. No excuse is disclosed for a delay from August 13, 1923, when the judge's findings were filed, to January 7, 1924, when the motion to dismiss was filed. A judge of the Superior Court has no power to relax the terms of the statute. The appealing party must bring himself within those terms. The plaintiff as the appealing party had a right, in view of the letter of the defendant's attorney, to omit to print the transcript of the evidence as a part of the record. Apparently he did that in the end without any direction of the court; but whether that be so is of no consequence to the result which must be reached. It must be a rare case where a prevailing party in equity can insist on the printing in full of the evidence when the appealing party is willing to rest his case before the full court on the pleadings and the report of material findings by the judge. The present is not a case of that kind. If, however, the plaintiff felt that the defendant had rights under G. L. c. 214, § 24, to have the evidence printed in full, which does not appear on this record, it was his duty to get that matter determined

without delay. For aught that appears on this record, the appealing party did absolutely nothing between August 13, 1923, and January 7, 1924, toward entering his appeal "forthwith." The imperative command of the statute that an appeal be entered forthwith is an effort on the part of the General Court to prevent undue delay in the termination of litigation. It has been so interpreted. *Griffin* v. *Griffin,* 222 Mass. 218. *Loonie* v. *Wilson,* 233 Mass. 420, 424, 425. See *Littlejohn* v. *Littlejohn,* 236 Mass. 326. It is manifest that the order of the court was not warranted by the affidavits and that the defendant's motion ought to have been granted.

Since the plaintiff's appeal must be dismissed, the merits of the case need not be discussed.

*Appeal dismissed.*