PERCY NICKERSON *vs.* HENRY H. FALES, JUNIOR, & another.

Plymouth.   January 4, 1961. — March 8, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Jurisdiction,* Nonresident, By operation of motor vehicle, By consent or waiver. *Motor Vehicle,* Registrar as statutory agent. *Practice, Civil,* Service of process, Order of notice, Nonresident.

Jurisdiction over a nonresident operator of a motor vehicle under G. L. c. 90, §§ 3A–3C cannot be obtained by mere service of process on the registrar of motor vehicles without notice thereof to the nonresident by either of the alternative methods provided in § 3C.   [197]

A nonresident operator of a motor vehicle, who appeared specially in an action against him in Massachusetts and moved to dismiss the action for want of valid service of process pursuant to G. L. c. 90, § 3C, did not submit himself generally to the jurisdiction of the court by alleging in his motion the statute of limitations as an additional reason for granting it, or by moving to remove a default against him and for a rehearing of the motion to remove the default, or by moving to vacate

allowance of a motion by the plaintiff for leave to file interrogatories. [198–199]

Where the plaintiff in an action against a nonresident operator of a motor vehicle had process served on the registrar of motor vehicles pursuant to G. L. c. 90, § 3C, but failed to give notice thereof to the defendant forthwith as further required by § 3C, the court thereafter had no power under c. 223, § 84, to issue an order of notice to the defendant, as it did, and no jurisdiction of the defendant was ever obtained even though the steps specified in § 3C were taken in connection with the order of notice. [199–200]

TORT. Writ in the District Court of Brockton dated July 26, 1955.

The action was removed to the Superior Court and subsequently was reported by *Dewing, J.*

*John L. Allen,* for the defendants.

*Charles O. Monahan,* (*Israel Cohen* with him,) for the plaintiff.

SPALDING, J. In this action of tort the plaintiff seeks to recover for personal injuries sustained in a motor vehicle accident in this Commonwealth on August 20, 1954. The declaration contains two counts. In one, the plaintiff seeks to recover against Henry H. Fales, Junior, the alleged operator of the automobile; in the other, recovery is sought against Louise C. Fales, owner of the automobile, on the theory that she was responsible for Henry's conduct. All the material facts having been agreed to, the judge reported the case for determination by this court. G. L. c. 231, § 111.

The relevant facts are these. On the date of the accident, the defendants were residents of Rhode Island. Both resided at the same address. The action was commenced by a writ dated July 26, 1955, returnable to the District Court of Brockton on August 13, 1955. After its entry in that court, the case was removed to the Superior Court in Plymouth County on August 15, 1955. At the time the action was commenced, service of the writ was made upon the registrar of motor vehicles for the Commonwealth, but the plaintiff "gave no notice to the defendants of said service . . . and failed to forward copies of the writ forthwith by

registered mail, return receipt requested, to the defendants." He also "failed to file an affidavit of compliance in accordance with . . . [G. L. c. 90, § 3C]." On May 14, 1957, the defendants, appearing specially, filed a motion to dismiss on the ground that the service was invalid. Thereupon (on May 16) the plaintiff obtained orders of notice for service on the defendants. These were issued ex parte by a judge of the Superior Court sitting in Suffolk County, no notice having been given to the defendants. The orders of notice were then served upon the registrar and copies were forwarded by registered mail to the defendants in Rhode Island and receipt of service was acknowledged by Louise C. Fales on behalf of herself and Henry. "On May 28, 1957, the plaintiff filed . . . a return of service of the orders of notice upon the registrar . . . and . . . an affidavit of compliance in accordance with . . ." G. L. c. 90, § 3C (1). On June 3, 1957, the defendants' motion to dismiss this action was denied, and subsequently their motion to dismiss the orders of notice, which was made on July 8, 1957, was also denied. The defendants excepted to the denial of each motion.

The underlying question for decision is whether jurisdiction has been acquired over the defendants. The parties stipulated that if this court determines that such jurisdiction was not acquired judgment is to be entered for the defendants; otherwise, the case is to be remanded to the Superior Court for the assessment of damages.

Whether jurisdiction was acquired over the defendants depends on whether they were given proper notice. The relevant provisions of G. L. c. 90, § 3C, are as follows: "Service of process under . . . [§§ 3A or 3B, providing that a nonresident in certain circumstances is deemed to have appointed the registrar his agent for service of process] shall be made by leaving a copy of the process . . . in the hands of the registrar . . . and by giving the defendant notice in . . . the manner provided in paragraph (1) or . . . (2) hereof, and such service shall be sufficient service upon a defendant who has under either of said sections

appointed the registrar or his successor his . . . attorney therefor. (1) If the defendant is known by the plaintiff to be the holder of a motor vehicle registration or operator's license issued by another state . . ., notice of such service upon the registrar as attorney for the defendant and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant at his address of record in the office from which such registration or license was issued. The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, shall be filed in the case on or before the return day of the process or within such further time as the court may allow. If the defendant has no motor vehicle registration or license known to the plaintiff, such notice and copy shall be sent in the same manner to the last address of the defendant known to the plaintiff, and affidavit of compliance . . . and the defendant's return receipt or other proof of actual notice, shall be filed in the case within the time above provided."[1]

It is settled that the provisions of c. 90, §§ 3A–3C, authorizing the registrar to receive service of process on behalf of one operating an automobile on our ways are constitutional. *Pawloski* v. *Hess,* 250 Mass. 22, affd. sub nom. *Hess* v. *Pawloski,* 274 U. S. 352. See *Toczko* v. *Armentano,* 341 Mass. 474. But it is equally settled that for such a statute to be valid, it "must . . . contain a provision making it reasonably probable that notice of the service on the . . . [registrar] will be communicated to the non-resident defendant who is sued." *Wuchter* v. *Pizzutti,* 276 U. S. 13, 18. Section 3C provides alternative methods by means of which notice can be given to the defendant. There must be compliance with one of these alternatives before jurisdiction over a nonresident defendant can attach. Service on the registrar, without more, is not enough. See *Smyrnios* v. *Weintraub,* 3 F. Supp. 439 (D. Mass.); *Webb*

[1] Subsection 2 of § 3C, providing for personal service on the defendant of notice of the service on the registrar and a copy of the process, is not involved in this case.

*Packing Co.* v. *Harmon,* 196 Atl. 158 (Super. Ct. Del.);
*McLean Trucking Co.* v. *Stover,* 87 Atl. 2d 879 (Super. Ct.
Del.).

In the case at bar the plaintiff started the action by writ
dated July 26, 1955, returnable August 13, 1955. After
serving the writ upon the registrar, the plaintiff took no
further steps until after May 16, 1957, when he sent notice
to the defendants after obtaining orders of notice from the
court. Section 3C (1) specifically requires that after serv-
ice is made on the registrar, notice of service and a copy of
the process "shall *forthwith* be sent . . . to the defendant"
(emphasis supplied). Plainly the notice here, which was
sent nearly two years after the action was commenced, did
not, as matter of law, comply with that requirement. See
*Smith* v. *Scottish Union & Natl. Ins. Co.* 200 Mass. 50, 53;
*Griffin* v. *Griffin,* 222 Mass. 218; *Robinson* v. *Donaldson,* 251
Mass. 334; *Mazzuchelli* v. *Seretto,* 254 Mass. 159. The
plaintiff does not contend otherwise. His contention that
jurisdiction over the defendants was acquired rests on the
grounds (1) that the court had power to issue the orders of
notice of May 16, 1957, under G. L. c. 223, § 84, and (2) that
the defendants by various steps taken in the case, and,
especially, by invoking the statute of limitations in aid of
their motions to dismiss, have taken positions inconsistent
with their claim of lack of jurisdiction, and have submitted
themselves to the jurisdiction of the court.[1]   See *Gahm* v.
*Wallace,* 206 Mass. 39, 44–45; *Buckley* v. *John,* 314 Mass.
719, 722.

The ground last stated may be disposed of in a few
words. This point does not appear to be presented by the
report. Were we to assume, however, that it is properly
here, the point lacks merit. The reference to the statute of
limitations in the motions to dismiss cannot fairly be said
to constitute a submission to the jurisdiction of the court;
it amounted to no more than a statement of an additional

[1] Other than the reference to the statute of limitations, these steps were:
(1) defendants' motion to remove a default, (2) motion to vacate allowance
of plaintiff's motion for leave to file interrogatories, and (3) motion for a
rehearing of their motion to remove the default.

reason for the granting of the motions. See *Reynolds* v.
*Missouri, Kansas & Texas Ry.* 224 Mass. 379, 388; *Churchill*
v. *Bigelow,* 333 Mass. 196, 198. The other steps taken by
the defendants did not in our opinion constitute a submission.

Nor can the plaintiff prevail on the first ground. Section
84 of G. L. c. 223 provides in part that, "[i]f the service of
a writ, process or order is defective or insufficient, the
court . . . to which it is returnable may, upon motion of
the plaintiff . . ., issue further writs, processes and orders, which shall be served in such manner as may be
therein directed; and upon due service thereof, the court
. . . shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such
service had been made in pursuance of the original writ,
process or order." In situations properly within the scope
of this section, the decision of the judge to grant an order
of notice is discretionary. *Baker* v. *Copeland,* 140 Mass.
342, 343. *Luce* v. *Columbia River Packers Assn.* 286 Mass.
343, 344. But where the provisions of another statute set
forth an exclusive procedure for giving notice, there is no
discretionary power to issue an order of notice under this
section. *H. B. Smith Co.* v. *Judge of Third Dist. Court,*
246 Mass. 190, 195–196. *Kravitz* v. *Director of the Div. of
Employment Security,* 326 Mass. 419, 423. See *Luce* v.
*Columbia River Packers Assn., supra,* at pages 344–345.
We are of opinion that § 3C (1) provides the exclusive procedure for notice and that the "forthwith" requirement in
that section may not be avoided by resort to § 84. In *Webb
Packing Co.* v. *Harmon,* 196 Atl. 158 (Super. Ct. Del.),
where the same question under a similar statute was involved, it was said at page 162, "The reason for . . . [the
use of the word 'forthwith'] is clear. The Legislature intended to secure, as nearly as may be, to a non-resident defendant against whom jurisdiction is attempted under the
statute, the same opportunity to defend before trial that
he would have if personal service had been made upon him
in this State. Opportunity to defend includes timely no-

tice, in order that the testimony of witnesses, which by delay might be lost, may be obtained. The contents of the notice and the time of transmission are matters of substance affecting the validity of the process." With these views we agree and they apply with equal force to the statute before us.

The Legislature has not overlooked the problem of delays and has dealt with it to some extent. Thus the court is empowered to extend the time for filing the plaintiff's affidavit of compliance and the defendant's return receipt, if received. § 3C (1). And the court under § 3C (3) "may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." But neither of these provisions justifies the issuance of an order of notice after a failure to comply with the "forthwith" requirement. It follows that no jurisdiction was acquired over the defendants at the inception of the action and none was acquired under the orders of notice of May 16.

In accordance with the stipulation judgment is to be entered for each defendant.

*So ordered.*