ADRIAN E. CRETE *vs.* ANDRE AUDET.

Middlesex.    February 8, 1968. — March 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Practice, Civil,* Service of process, Order of notice, Nonresident.

Where it appeared in an action against the operator of an automobile for injuries sustained in an accident that after the accident there were on file with the police a Connecticut address of the defendant obtained by a police officer from the defendant's operator's license and another Connecticut address stated in the defendant's accident report, and that immediately after service of process on the Registrar of Motor Vehicles a registered mail notice thereof was sent to the address stated in the accident report but was returned unclaimed, it was held that the notice was not in compliance with G. L. c. 90, § 3C (1), but that in the circumstances the case should be remanded to the trial court for correction of the deficient notice under c. 223, § 84.

TORT.    Writ in the Superior Court dated September 22, 1966.

The action was reported by *DeSaulnier,* J.

*Sumner H. Rogers* for the defendant.

*George J. Basbanes* for the plaintiff.

CUTTER, J.    On September 26, 1964, Crete was injured while riding as a passenger in an automobile owned by Crete's wife. The automobile "ran off the highway into a telephone pole and overturned." It was then being operated by Audet.

This action of tort[1] was commenced in the Superior Court by writ dated September 22, 1966.

Service of process was made on the Registrar of Motor Vehicles.[2] Notice of such service was mailed by registered mail to Audet at 28 Prospect Avenue, Hartford, Connecticut. The letter was returned to Crete's counsel marked "no such #." An attorney, purporting to appear specially for Audet, filed (a) a motion to dismiss "for the reasons that there has been no . . . sufficient service of process upon . . . [Audet], a nonresident," and that there has been no compliance with G. L. c. 90, § 3C; and (b) an answer in abatement asserting that Audet was a nonresident, who had no property in Massachusetts which was attached in this action, that he had not been personally served in Massachusetts, and that there had been no compliance with § 3C.

It was stipulated that, when the action was commenced, there were on file at the Chelmsford Police Department the following addresses for Audet: (a) R.F.D. # 1, Box 35, Tolland, Connecticut, which appeared on the report, dated September 26, 1964, of the investigating police officer who had obtained the address from Audet's Connecticut operator's license; (b) 12 Chabot Street, Lowell, which appeared on Mrs. Crete's accident report (September 28, 1964) as owner of the vehicle; and (c) 28 Prospect Avenue, Hartford, Connecticut, which appeared on Audet's accident report, dated September 29, 1964. See as to these reports, G. L. c. 90, § 26, as amended (fn. 6, *infra*).

It was represented orally at the arguments before us that there was no such address as 12 Chabot Street, Lowell;

---

[1] Count 1 of the declaration alleged that Crete "was . . . riding as a passenger, conferring a benefit for the performance of something in which . . . [Audet] had an interest." Count 2 alleged "gross negligence" on the part of Audet. We assume that the period for commencing an action was then about to expire. See G. L. c. 260, § 4, as amended through St. 1965, c. 302.

[2] Crete's attorney filed an affidavit of compliance "that service was made . . . on the [r]egistrar . . . and that a copy of the process, together with [a] letter informing . . . [Audet] at his last known address of record which was on file at the Chelmsford Police Department, by registered mail, return receipt requested . . . was returned with the statement that there was no such person at that address."

that Audet was a "drifter" who could not be found; and that the appearance for him was by an insurance company, presumably the insurer on Mrs. Crete's liability policy, which had learned of the accident from Crete or his wife. Presumably also, the insurance company was protecting itself with respect to possible liability upon the policy. No other facts have been represented to us or stipulated which tend to explain the unusual situation more fully, or which give further indication whether Audet or the insurance company would in any event be subject to liability arising from the accident.

No evidence, other than the stipulation, was presented to the trial judge. He denied the motion to dismiss and overruled the answer in abatement. He then stayed further proceedings and reported the case for the determination of this court.

General Laws c. 90, § 3B,[3] provides in effect that a person operating a motor vehicle in this Commonwealth in any place to which the public has a right of access shall be deemed to have appointed the Registrar of Motor Vehicles as his attorney for the service of process. Chapter 90, § 3C (as amended through St. 1937, c. 387),[4] provides for the method

---

[3] Section 3B, as amended through St. 1955, c. 196, § 2, reads as follows: "The operation by any person . . . of any motor vehicle . . . with or without a license to operate, on any way . . . or in any place to which the public has a right of access, in this commonwealth, shall be deemed equivalent to an appointment by such person of the registrar . . . to be his . . . attorney upon whom may be served all lawful processes in any action . . . against him . . . growing out of any accident . . . in which he . . . may be involved while operating a motor vehicle . . . in this commonwealth, and such operation shall be . . . an agreement by such person that any such process against him . . . which is served upon the registrar . . . shall be of the same . . . validity as if served upon him personally."

[4] Section 3C, so far as here relevant, reads: "Service of process under . . . [§ 3B] shall be made by leaving a copy of the process . . . in the hands of the registrar . . . and by giving the defendant notice in either the manner provided in paragraph (1) or in that provided in paragraph (2) hereof, and such service shall be sufficient service upon a defendant who has . . . appointed the registrar . . . his . . . attorney therefor. (1) If the defendant is known by the plaintiff to be the holder of a motor vehicle . . . operator's license issued by another state . . . notice of such service upon the registrar as attorney for the defendant and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant [A] *at his address of record in the office from which such . . . license was issued.* The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, shall be filed in

of service and of giving notice to defendants in connection with § 3B. The purpose of this provision, as was said in *Nickerson* v. *Fales,* 342 Mass. 194, 199, is "to secure, as nearly as may be, to a non-resident defendant . . . the same opportunity to defend before trial that he would have if personal service had been made upon him in this State."

In the *Nickerson* case, service had been made on a writ, returnable August 13, 1955, upon the registrar in an action against Rhode Island residents growing out of an accident in Massachusetts. No effort, however, was made by the plaintiff to give any notice to the defendants or to file an affidavit of compliance. On May 14, 1957, the defendants appeared specially and filed a motion to dismiss on the ground that service was invalid (p. 196). Thereafter the plaintiffs obtained orders of notice for service upon the defendants, which were served upon the registrar and copies were dispatched by registered mail to the defendants in Rhode Island. The trial judge denied the motion to dismiss. This court, however, ordered judgment for the defendants. We held that, for jurisdiction over the defendants to attach, § 3C required (see p. 197) compliance with one of the alternative forms of service provided in the section; that there was clearly no compliance (see p. 198) with the requirement of § 3C, par. (1), i.e. that notice be given "forthwith" to the defendants by registered mail; and that (pp. 198–200) the failure to give notice "forthwith," as required by § 3C, could not be cured by an order of notice issued under G. L. c. 223, § 84, because (p. 199) § 3C sets "forth an exclusive procedure for giving notice" and "the 'forth-

the case on or before the return day of the process or within such further time as the court may allow. [B] *If the defendant has no . . . license known to the plaintiff,* such notice and copy shall be sent in the same manner to the [C] *last address of the defendant known to the plaintiff,* and affidavit of compliance herewith, and the defendant's return receipt or [D] *other proof of actual notice,* shall be *filed in the case* within the time above provided. . . . [Paragraph (2) is not here relevant.] (3) The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action" (emphasis supplied). Capital letters in brackets are for convenient reference to the italicized words following such letters respectively.

with' requirement in that section may not be avoided by resort to § 84."[5]

In the *Nickerson* case no attempt whatsoever to give notice to the defendants was made for two years. In the present case, immediate effort was made to comply with § 3C by giving registered mail notice to the address which Audet himself had given in his accident report to the Registrar of Motor Vehicles (with a copy to the Chelmsford Police Department) as required by G. L. c. 90, § 26 (as amended by St. 1964, c. 405; see most recent later amendment by St. 1965, c. 664).[6] See *Lord* v. *Registrar of Motor Vehicles*, 347 Mass. 608. Crete's registered mail notice, however, was not in compliance with c. 90, § 3C (1). It was sent to the "last address of [Audet] the defendant known to" Crete (see fn. 4, at point [C]) rather than to Audet's "address of record in the office from which . . . [Audet's operator's] license was issued" (see fn. 4, at point [A]). Service of the notice at Audet's last known address was permitted by § 3C if "the defendant ha[d] no . . . license known to the plaintiff" (see fn. 4, at point [B]). In the event of such service, however, § 3C required that "proof of actual notice . . . be filed in the case" (see fn. 4, at point [D]).

Crete contends that Audet is estopped to assert that his address was not that given by him in his report required by § 26. The record does not show that Audet told Crete that he had a license or by what State it was issued. The stipulation does not require the inference that Crete knew what address was shown on Audet's license, if any. Even,

---

[5] Section 84 reads in part, "If the service of a writ, process or order is defective or insufficient, the court . . . to which it is returnable may, upon motion of the plaintiff . . . issue further writs, processes and orders, which shall be served . . . as may be therein directed; and upon due service thereof, the court . . . shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ, process or order. The action . . . shall be continued from time to time until such service is made."

[6] Section 26, as amended in 1964, requires every "person operating a motor vehicle . . . involved in an accident in which any person is . . . injured . . . within five days . . . [to] report in writing to the registrar on a form approved by him and send a copy thereof to the police department having jurisdiction over the place on the highway where such accident occurred."

however, if Crete or his attorney had known the address shown on the operator's license, it might reasonably have been believed that Audet's address shown in his report was a later address. This naturally might have given rise to the assumption that a change of address had been reported to the appropriate Connecticut official. In any event, the address shown on the report was a representation by Audet on which others might be expected to rely and by which they would be likely to be misled.

It, of course, would have been appropriate and possible for Crete to have sent notice of the action to the Tolland address as well as to the address given by Audet in the report under § 26. Also, counsel might well have verified with the Connecticut Motor Vehicle Department, Conn. G. S. (incl. 1966 supp.) c. 246, §§ 14–10, 14–36, 14–41, 14–42, 14–45, that the Tolland address was that shown for Audet on the Connecticut records. There would then have been no doubt that there had been compliance with § 3C and that the Superior Court had acquired jurisdiction. We think, however, that there was sufficient representation by Audet that his real address was the Hartford address to which notice was sent, and sufficient tendency for that representation to mislead Crete, so that Audet should not now be heard to argue that Crete did not send notice "forthwith" to the Tolland address, or whatever address appeared on the Connecticut records.[7]

It could be found (a) that failure to get notice "forthwith" to Audet was induced by his own conduct, and (b) that there had been a substantial effort to comply with § 3C, and not (as in the Nickerson case, 342 Mass. 194) a complete failure for two years to attempt to give any notice required by § 3C, par. (1). Accordingly, in the circumstances, now that the failure to give actual notice to Audet at Hartford has become apparent, we think that it is

---

[7] We do not decide whether Audet, as matter of law, is estopped to deny the address given in his report under § 26. See Looney v. Trimount Theatres, Inc. 282 Mass. 275, 278; MacKeen v. Kasinskas, 333 Mass. 695, 697–698; Swift v. American Universal Ins. Co. 349 Mass. 637, 641–642. Cf. Hayes's Case, 348 Mass. 447, 452–453.

open to the Superior Court to apply § 84 for one purpose for which it was intended, the correction of service actually attempted but deficient, and to order new notice (of the writ and of the fact of its service upon the registrar) now to be given to Audet at the Tolland address or at whatever address appears on the Connecticut motor vehicle records. Until such a notice has been duly served, action upon the motion to dismiss and the plea in abatement[8] appropriately should be postponed.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[8] If there are further hearings upon the motion to dismiss and the plea in abatement, there should be further development of the facts concerning (a) the accident, (b) the various addresses for Audet, (c) the participation of Mrs. Crete in the events leading up to the accident and in making an accident report to the insurance company and to the Registrar of Motor Vehicles, and (d) other circumstances relevant to the disposition of the motion and plea.