*Southern District*

No. 24935.

**YUOSHMA G. FRYE,**

v.

**WILLIAM T. SIMONS.**

Argued: Oct. 30, 1968   Decided: Apr. 14, 1969

*Present:*  Nash, P.J., Cox, Owen, JJ.

Case tried to *Horrocks, J.* in the First District Court of Barnstable    No. 24935.

*Owen, J.*  This is an action of tort to recover damages as the result of a collision between motor vehicles of the plaintiff and the defendant.

The defendant appeared specially, filing a motion to dismiss, which set forth that service of process on the defendant was not valid in that the plaintiff failed to comply with all the requirements of Gen. Laws c. 90, § 3C.

The motion to dismiss was denied by the court and the defendant brought this appeal.

The court record shows that service of process on the nonresident defendant was made on the Registrar of Motor Vehicles but no affidavit of compliance was filed. Subsequently an order of notice for service by publication and personal notice was issued by the court.

G.L. c. 90, § 3C[1] sets forth the procedure for service of process on the Registrar of Motor Vehicles; it provides in part that the plaintiff's affidavit of compliance with the statute "shall

---

[1] "The Plaintiff's affidavit of compliance herewith and the defendant's return receipt if received by the plaintiff shall be filed in the case on or before the return day of the process or within such further time as the court may allow."

be filed in the case on or before the return day of the process.

There was prejudicial error in the denial of the defendant's motion to dismiss. The statute above cited provides an exclusive procedure for notice and failure of the plaintiff to comply with its requirements was fatal. The subsequent order of notice was invalid. Since no jurisdiction was acquired over the defendant the motion to dismiss should have been allowed. *Nickerson* v. *Fales*, 342 Mass. 194.

**It is ordered that the case be dismissed.**

GEORGE H. LEBHERZ, JR.
of Boston for the Plaintiff
JOHN J. DOLAN
of Boston for the Defendant.