*Municipal Court of the City of Boston*
No. 215675

**BARBARA GIFFORD**, et al

v.

**HELENE J. SPEHR**

Argued: May 30, 1969 - Decided: Sept. 9, 1969.

*Present:* Adlow, C.J., Morrissey, Canavan, J.J.
Case tried to *Gillen, J.,* in the Municipal Court
of the City of Boston.

*Canavan, J.* In this action of tort for neg-
ligence the plaintiffs seek to recover for per-
sonal injuries and property damage sustained
in a motor vehicle accident in this Common-
wealth on October 30, 1965. The declaration
contains three counts. In counts one and three
the plaintiff, Barbara Gifford, seeks to recover
against the defendant for personal injuries
and property damage. In count two the plain-
tiff, Virginia Watson, seeks to recover against
the defendant for personal injuries.

On the date of the accident the defendant,
Helene J. Spehr, was a resident of New York.
This action was commenced by a writ dated
September 9, 1968. The defendant appeared
specially and filed an answer in abatement on
the ground that the action was not commenced
within two years next after the cause of action
accrued. This answer in abatement was heard
by the court on November 19, 1968 and was
overruled without prejudice and the court
granted the defendant leave to file a plea in
bar or a motion to dismiss before January 19,
1969. On January 16, 1969 the defendant filed
a motion to dismiss on the ground that the ac-
tion was not commenced within two years next

after the cause of action accrued. This motion was heard on April 15, 1969. The plaintiffs in defense of the defendant's motion to dismiss relied upon G.L. c. 260, § 32, which reads in material part,

> "If, in an action duly commenced within the time limited in this Chapter, the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or if the action is otherwise avoided or defeated by the death of a party thereto or for any matter of form ..., the plaintiff or demandant or any person claiming under him may commence a new action for the same cause within one year after the abatement or other determination of the original action....."

The court allowed the motion to dismiss—viz—Action Dismissed, and made the following findings of fact:

> "I find the plaintiffs cannot avail themselves of relief under General Laws, Chapter 260, sec. 32 in that in the original suit, No. 194197, Barbara Gifford, et al v. Helene Spehr, in the Municipal Court of the City of Boston, it was discontinued by the plaintiffs after having failed to complete service on the defendant, as required by General Laws, Chapter 90, sec. 3c."

> "I find that this failure was not created

because of an unavoidable accident or default or neglect of the officer to whom it was committed . . . . . of for any matter of form."

*There was evidence that* the plaintiffs by writ dated October 27, 1967 commenced an action in the same court against the same defendant for the same personal injuries and property damage arising out of the same motor vehicle accident that occurred on October 30, 1965. That at the time the action was commenced, service of the writ was made upon the Registrar of Motor Vehicles for the Commonwealth, but the plaintiffs gave no notice to the defendant of said service and failed to forward copies of the writ forthwith by registered mail, return receipt requested, to the defendant, and failed to file an affidavit of compliance, in accordance with G.L. c. 90, § 3c.

In defense of this action the defendant, on August 28, 1968, appeared specially and filed a motion to dismiss for the reason that the plaintiffs had not properly complied with the provisions of G.L. Chapter 90, § 3c. This motion to dismiss was not heard by the court because on September 9, 1968 the plaintiffs filed a voluntary discontinuance. The plaintiffs thereupon instituted the present action of tort.

The underlying question for decision is whether the case is saved from the operation of the statute of limitations because the original

action was defeated for any matter of form within the meaning of G.L. c. 260, § 32.

Under G.L. c. 260, § 4, an action of tort for negligence must be commenced within two years after the cause of action accrues. The Statute of Limitations was designed to protect one from those who would allow a cause of action to go to sleep until a sufficient time has elapsed so that the evidence and facts favorable to the defendant had become obscured or forgotten, then to awaken the cause of action and gain an unfair advantage.

G.L. c. 90, § 3C carefully outlines in clear terms the procedure which must be followed in serving process on the nonresident defendant through the Registrar of Motor Vehicles. These procedures must be strictly adhered to. Section 3c provides alternative methods by means of which notice can be given to the non-resident defendant. There must be compliance with one of these alternatives, before jurisdiction over a non-resident can attach. Service on the Registrar alone without more is not enough. *Nickerson* v. *Fales*, 342 Mass. 194.

In *Nickerson* v. *Fales*, 342 Mass. 194, at page 199, the court said:

> "In *Webb Packing Co.* v. *Harmon*, 196 Atl. 158 where the same question under a similar statute was involved, it was said at page 162, 'The reason for ... [the use of the word 'forthwith'] is clear. The Legislature intended to secure, as nearly as may

be, to a non-resident defendant against whom jurisdiction is attempted under the statute, the same opportunity to defend before trial that he would have if personal service had been made upon him in this State. Opportunity to defend includes timely notice, in order that the testimony of witnesses, which by delay might be lost, may be obtained. The contents of the notice and the time of transmission are matters of substance affecting the validity of the process.' With these views we agree and they apply with equal force to the statute before us.''

No jurisdiction was acquired over the defendant in the original action. This action would not have failed due to an error of form. It would have failed for there was no jurisdiction ever obtained over the defendant because of non-resident with the requirements of section 3C of Chapter 90. Even if plaintiffs had not voluntarily discontinued their earlier action, the court would have allowed the defendant's motion to dismiss the action.

The plaintiffs did not give timely notice to the defendant of a present purpose to maintain their rights before the courts. The first notice that the defendant had of the plaintiff's action was in September of 1968, almost three years after the accident of October, 1965. Can it be said that the plaintiff were timely suitors? We think not.

It follows that the present action was not avoided or defeated for any matter of form within the meaning of G.L. c. 260, § 32, and that the Statute of Limitations is a bar.

The decision of the court allowing the defendant's motion to dismiss is sustained. *Report dismissed.*

EDWARD W. WAYSBACK

for the defendant.

ROBERT C. HAHN

for the plaintiff.