*Southern District*

No. 36233

FRANCIS SORRENTO, ET AL

v.

LAWRENCE REICH

Argued: July 28, 1970 - Decided: Aug. 31, 1970.

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Casey, J.,* in the District Court of East Norfolk. No. 36233.

*Owen, J.* This is an action of tort to recover damages as the result of defendant's motor vehicle striking the plaintiff's motor vehicle in Wollaston, Massachusetts on September 23, 1964.

The writ is dated May 4, 1965 and was returnable June 14, 1965.

In the writ the defendant was described as "Lawrence Reich, 1050 Druid Drive, Florida (N.Y. registration No. 3V8623, 18 Lambert Road, N.Y.)". Service on the defendant was made on the Registrar of Motor Vehicles, Com-

monwealth of Massachusetts and a copy of the process was sent by registered mail, return receipt requested, by the plaintiff's attorney to the defendant. When the case was entered, an affidavit of compliance with G.L. c. 90, § 3 was filed which stated process had been sent to the defendant in care of Noah Braw, 18 Lambert Road, New York, N.Y. and a card from the post office stating that the mail was undelivered, no such street number. There was also filed a slip of paper allegedly received from the New York Motor Vehicle Department to the effect that registration number 3V8623 was registered to Lawrence Reich, care of Noah Braw, 18 Lambert Road, N.Y.

The defendant filed the following papers after entry of the writ and declaration: a motion to remove a default and to answer late, filed on July 23, 1965 assented to by the plaintiff and allowed by the court; an answer in abatement filed July 23, 1965; a motion to dismiss under Rule 39, filed on January 23, 1969; a motion to remove default and extend time for answering interrogatories, filed February 14, 1969; defendant's answer filed December 10, 1969.

After hearing, on December 4, 1969, defendant's answer in abatement was denied and the defendant requested this Report.

Service of process on a non-resident motor vehicle operator who is involved in a motor vehicle accident in Massachusetts is governed by G.L. c. 90, § 3c(1) which provides, in part, as follows:

"If the defendant is known by the plaintiff to be the holder of a motor vehicle registration or operator's licence issued by another state or country, notice of such service upon the registrar as attorney for the defendant and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant *at his last address of record in the office from which such registration or licence was issued*. The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, shall be filed in the case on or before the return day of the process or within such further time as the court may allow."

It is obvious from the statute that the non-resident operator has the burden of having his correct residence address on his motor vehicle registration record and it is clear that the plaintiff is entitled to rely on such record for service of process.

The plaintiff has fully complied with the requirements of the statute. The answer in abatement was properly denied. *Crete* v. *Audet*, 353 Mass. 725.

*There being no prejudicial error it is ordered that the report be dismissed.*

FEENEY & MALONE
for the plaintiff.
DARLING & McLAUGLIN
for the defendant.