284 A.2d 584.

THOMAS ZEIGLER *et al. vs.* JANIS K. MASTERSON.

DECEMBER 23, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a negligence action arising out of a collision between automobiles owned by the plaintiff Zeigler and the defendant Masterson. The plaintiff Taylor was a passenger in the Zeigler vehicle. The collision occurred on a public highway in the town of Portsmouth on October 5, 1967. The plaintiffs are before us on an appeal from a judgment entered in the Superior Court dismissing their suit for lack of jurisdiction because of an insufficiency in the service of process.

It is uncontradicted that at the time of the collision defendant lived in Newport while her husband was stationed at one of the naval installations located in the Newport area. The defendant filed an accident report with the Rhode Island State Police. It listed her home address as 10 Bellevue Avenue, Newport. It also indicated that defendant possessed a driver's license issued by the State of Indiana together with an automobile registration certificate which gave her address as 6438 North Oakland Avenue, Indianapolis.

The plaintiff first instituted suit against defendant on September 23, 1969. The summons was sent to the sheriff with instructions to serve defendant at her Newport address. The sheriff was unable to serve defendant because

she had left Newport and apparently returned to Indiana. On October 3, 1969 plaintiffs instituted a new suit. This time they took advantage of the substitute service provisions of G. L. 1956 (1968 Reenactment) §§31-7-6, 31-7-7 and 31-7-8.

This appeal presents a very narrow issue. While the parties did considerable backing and filling in the Superior Court,[1] defendant in this court contests the jurisdiction of the Superior Court upon the ground that plaintiffs have failed to comply with the provisions of §31-7-7 which requires a plaintiff or his attorney, once service has been made on the registrar of motor vehicles, to send *notice* of the service and a copy of the process to the nonresident defendant. She stresses the word "notice" and also reminds us that we are duty-bound to give a strict construction to any statute which seeks to make a litigant subject to the court's jurisdiction. Her position is that the word "notice" as it appears in §31-7-7 should be construed so that a plaintiff must expressly tell the nonresident defendant that by the

[1]The record shows that originally defendant's motion to dismiss was granted on November 9, 1970. Thereafter, judgment was entered for defendant and plaintiffs filed their notice of appeal. On December 14, 1970, plaintiffs' appeal was withdrawn, the earlier judgment was vacated and the motion to dismiss was reargued. At this hearing plaintiffs were permitted to supplement the record by introducing the September 1969 summons which the sheriff attempted to serve on defendant in Newport. The return receipt bearing defendant's signature became part of the record and paragraph 2 of the complaint which read "Defendant is a resident of the City of Newport, State of Rhode Island" was amended to read "Defendant was commerant [sic] and or resident of the City of Newport, State of Rhode Island on October 5, 1967 and is presently a resident of the City of Indianapolis, State of Indiana." After the record had been supplemented and the complaint amended, the trial justice heard arguments and once again dismissed the complaint. This appeal resulted. Section 31-7-6 states that the provisions for the service on the registrar are also applicable to a resident of this state who after the collision or mishap, but prior to the commencement of any action against him, becomes a resident of any other state.

operation of her own car on the highways of Rhode Island, she is deemed to have appointed the registrar as her agent for service of process. The defendant contends that inherent in the use of the substitute service provisions of chap. 7 of title 31 is the duty of informing the out-of-stater that due and legal service of process can be made upon a third party rather than service being made upon the "real party in interest."

The defendant is quite right when she says that the substitute service statutes should be strictly construed. They are in derogation of the common-law concept of personal service and demand strict compliance. Nonetheless, the provision concerning notice is clear and needs no construction. It requires that notice of service of process upon the registrar and a copy of the process be sent to the defendant at the address listed on the registration certificate or at the address found on the driver's license. Now while it may be that some nonresidents will enjoy reading about the jurisprudential raison d'être which gives validity to service made on the registrar, there is absolutely nothing in §31-7-7 which requires any such literary effort. The notice provision set forth in this section is designed to safeguard the nonresident's due process right to be timely apprised of the pendency of the action[2] so that he is afforded a reasonable opportunity to appear and be heard. *Cugini* v. *Chiaradio,* 96 R. I. 120, 189 A.2d 798 (1963); *Gifford* v. *Spehr,* Mass. 266 N.E.2d 657 (1971); *Hatch* v. *Hooper,* 101 N. H. 214, 138 A.2d 671 (1958). Constitutionally speaking, proper notice entitles a nonresident to at least know *when* and *where* he must appear and for *what* he must answer. *Heeney* v. *Miner,* 421 F.2d 434 (8th Cir. 1970).

---

[2]Section 31-7-7 authorizes a trial judge, where service has been made upon the registrar, and there has been a failure to comply with the notice requirements, to order such notice as may be sufficient "to apprise" the nonresident of the "pendency of the suit against him."

It is clear from the record before us that the defendant was fully informed as to when and where she was to appear. From the contents of an affidavit filed by the defendant in support of her motion to dismiss, it is also quite apparent that she was aware that this action concerned the October 5, 1967 collision. There is no doubt that the plaintiffs' notice achieved its constitutional objective. When the Legislature enacted the relevant portions of chap. 7 of title 31, it intended to secure, as nearly as possible, to a nonresident defendant over whom jurisdiction is sought the same opportunity to defend before trial that he would have had if he had been personally served in this state. *Nickerson* v. *Fales,* 342 Mass. 194, 172 N.E.2d 832 (1961). The statutory scheme has been satisfied. The trial justice erred in dismissing this action.

The plaintiffs' appeal is sustained, the judgment appealed from is vacated and the case is remanded to the Superior Court.

*Milton Bernstein,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Roderick A. J. Cavanagh,* for defendant.