Thomas E. BAHOSH et al.

v.

Martin KLEIN et al.

No. 95–668–Appeal.

Supreme Court of Rhode Island.

Feb. 10, 1997.

Jeffrey Finan, Pawtucket.

Paul S. Callaghan, Stephen Lang, Providence.

### ORDER

This case came before the court for oral argument January 23, 1997 pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised in this appeal should be decided at this time.

The defendants, Martin Klein and Royal Express, Inc. appeal from an order entered in the Superior Court denying their motion to vacate an entry of default. The plaintiff, Thomas E. Bahosh, and the defendant, Martin Klein, were involved in a motor vehicle collision which occurred July 15, 1991 on interstate Route 95 in the town of Richmond, Rhode Island. Martin Klein who resides in New York was driving a truck owned by Royal Express, Inc. The plaintiff, Thomas E. Bahosh, was operating a vehicle engaged in painting lines on the highway.

On July 7, 1994, the plaintiffs filed an action in the Superior Court against both defendants whose residences were listed on the police report as 250 Penn Street, Brooklyn, New York 11211 (as to Martin Klein) and 125 Jackson St., Edison, New Jersey (as to Royal Express, Inc.). In accordance with G.L. 1956 § 31–7–7 a summons and complaint were served upon the Registrar of Motor Vehicles of the State of Rhode Island along with a statutory fee. In an affidavit of service filed March 10, 1995, counsel for the plaintiffs asserted that copies of the summons and complaint were sent to both defendants at Martin Klein's address at 250 Penn Street, Brooklyn, New York by certified mail. Copies of the envelopes were attached to counsel's affidavit and were marked "unclaimed." The return receipts were unsigned.

On April 5, 1995, a Superior Court justice heard a motion to default filed against the defendants for their failure to plead or otherwise defend. Notice of the motion was sent to the defendants and to their insurer prior to the hearing on the motion. An order granting the default was filed on April 13, 1995. On June 5, 1995, defendants filed a motion to vacate the default pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure. An affidavit of meritorious defense was filed by defendant, Klein. Both defendants argued that they had received no notice of the action until approximately five days before the hearing on defendant's motion for entry of default. A justice of the Superior Court denied the defendants' motion by an order entered August 28, 1995.

We are of the opinion that the lack of actual notice of the summons and complaint on the part of both defendants was ample ground upon which the motion justice should have vacated the default. We have held that the notice provisions set forth in the statute regarding substituted service is designed to safeguard non-residents' due process right to be timely apprised of the pendency of the action so that he or she is afforded a reasonable opportunity to appear and be heard. *Zeigler v. Masterson,* 109 R.I. 337, 340, 284 A.2d 584, 585 (1971). In this case in the absence of notice of the action and in the absence of an order for an alternative method of service, the trial justice erred in declining to vacate the default.

Consequently, the order denying the motion to vacate the default is reversed. The default is hereby vacated and the papers in the case are hereby remanded to the Superior Court for further proceedings.