22

WEBB PACKING COMPANY *v.* FRED T. HARMON, et al.

24

(*December* 22, 1937.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*John W. Huxley, Jr.,* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendants.

Superior Court for New Castle County, No. 158, September Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The cause of action arose from an automobile collision occurring in this State. The plaintiff sought to bring the non-resident defendants under the jurisdiction of the Court by service of process under the statute. The defendants contend that the word, "forthwith," as used in the statute, fairly construed, means that a copy of the writ with notice of its service on the Secretary of State, and that such service is as effectual as if made on the defendant personally within this State, should be sent the defendant against whom jurisdiction is attempted, before the return day of the writ; and that, as the suit was brought to the September Term, 1934, the sending, in August, 1937, after the vacation of the judgment in June, notice of the effect of the statute was not "forthwith," within the meaning of the statute. Wherefore, the writ should be quashed, and they should not be required to plead to the declaration.

The plaintiff's argument is that the writ of summons was properly issued, served and returned; that the failure to inform the defendant, by the notice sent to them in 1934, of the effect of the service of the writ on the Secretary of State was a mere informality, not affecting the validity of

the writ, and, consequently, not terminating the action; and that sending a copy of the writ with notice of its service and of the effect of service in August, 1937, after the vacation of the judgment in June, constituted a sending "forthwith," in that it was sent in reasonable time in the circumstances of the case.

■ The question involves an extraordinary process. As commonly used in law, process signifies the means of asserting jurisdiction against a defendant by compelling him to appear in Court and to answer a complaint made against him. It need not necessarily be a subpoena, or other writ. It may be an order or notice, for the State has power to prescribe a reasonable means of notifying a defendant in order to subject him to the jurisdiction of its Courts.

■ Judicial process is indispensable to jurisdiction. The general rule, apart from a voluntary appearance, is that process must be served personally on the person to be affected thereby; and in the absence of a statute authorizing a vicarious method, service must be personal. But, what service of process or notice shall be deemed sufficient is, within limitations, to be determined by the legislative power of the State in which the proceeding is instituted.

■ Notice sent outside the State to a non-resident is unavailing to give jurisdiction against him personally for a money recovery. *Hess v. Pawloski*, 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091; *Pennoyer v. Neff*, 95 *U. S.* 714, 24 *L. Ed.* 565. There must be actual service within the State of notice upon him, or upon some one authorized to accept service for him. *Goldey v. Morning News*, 156 *U. S.* 518, 15 *S. Ct.* 559, 39 *L. Ed.* 517. Hence it is, that the statute declared, that one accepting the privilege extended by law to a non-resident to operate or drive a motor vehicle on our highways, shall be deemed to have constituted the Secretary of State his agent for the acceptance of legal process in a

civil action against him arising out of a collision with his unregistered motor vehicle in this State.

But, it will be noticed that the statute imposes no duty on the Secretary of State to ascertain the place where the non-resident defendant in such civil action may be reached by notice sent by mail and to send him notice of the pendency of the action; and if the statute stopped there, due process of law would be denied, for a reasonable probability of communication of the notice would not flow from such service. *Wuchter v. Pizzutti*, 276 *U. S.* 13, 48 *S. Ct.* 259, 72 *L. Ed.* 446, 57 *A. L. R.* 1230. Due process of law, as applied to notice of proceedings resulting in judgment, means notice directed by the statute itself, and not a voluntary or gratuitous notice resting in favor or discretion. *Spoturno v. Woods*, 8 *W. W .Harr.* (38 *Del.*) 378, 192 *A.* 689. To assure, therefore, a reasonable probability of communication of notice to a non-resident defendant against whom jurisdiction is attempted, the statute imposes upon the plaintiff the duty to ascertain the residence, post office address, or place where a letter will reach him, and to send to the defendant forthwith a copy of the writ of summons with notice of its service, and of the effect of the service. The service of the writ on the statutory agent by the Sheriff and the sending forthwith of a copy of the writ with notice of service and of its effect, constitute process under the statute.

All exceptional methods of obtaining jurisdiction over persons not found within the State must be confined to the cases and exercised in the way indicated by the statute, and such statutes are strictly construed. *Felstead v. Eastern Shore Express, Inc.*, 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 190; *Syracuse Trust Co. v. Keller*, 5 *W. W. Harr.* (35 *Del.*) 304, 165 *A.* 327.

The service of the writ on the Secretary of State is, in a sense, the formal part of the statutory service

of process. As has been said, a reasonable probability of communication of notice does not arise, in such case as this, from the mere presumption that the statutory agent will inform his principal. The substantive part of the service of process is the sending forthwith of a copy of the writ and the required notices. To inform a non-resident defendant when and where the Court will sit, a copy of the writ with notice of its service must be sent. That the defendant will not hold the notice lightly and as ineffectual to subject him to the jurisdiction of our Courts, the Legislature has directed the plaintiff to inform him also that the service of the writ on the Secretary of State is as effectual to all intents and purposes as if service had been made upon him personally within this State. The plaintiff is required, therefore, both to notify the defendant and to warn him of the effect of the service on his statutory agent. It is, perhaps, true that due process of law does not require notice to be given of the effect of service on the statutory agent; but the Legislature, in the creation of the extraordinary process, has directed the notice to be given. There is sound reason for the requirement, and it must be regarded as a material and inseparable part of the process.

There is no dispute as to the meaning generally to be ascribed to the word, "forthwith." It is admitted that it means with all reasonable dispatch consistent with the circumstances of the particular case, and that, as used in the statute, it was meant to have a certain elasticity. But, the parties are far apart in their conceptions of the application of the meaning in the situation presented. We are unable to agree with either of the contentions.

 It must be assumed that the Legislature made use of the word advisedly, and in its usual sense when employed as a legalistic term. The reason for its use is clear. The Legislature intended to secure, as nearly as may be, to a non-resident defendant against whom jurisdiction is at-

tempted under the statute, the same opportunity to defend before trial that he would have if personal service had been made upon him in this State. Opportunity to defend includes timely notice, in order that the testimony of witnesses, which by delay might be lost, may be obtained. The contents of the notice and the time of transmission are matters of substance affecting the validity of the process.

The defendants contend that "forthwith" means before the return day of the writ. A plaintiff in an action does not know on what day the Sheriff will make his return of service. He is not required to make it before the return day named in the writ. If he returns the writ on the return day, manifestly, the plaintiff cannot obtain a copy of the writ with its service, and send the copy with the required notices before the return day of the writ. If the return of service is made before the return day, illness, or absence, of the plaintiff may reasonably prevent the sending before the return day. On the other hand, the plaintiff's contention is not tenable, that sending the notice of the effect of the service in August, 1937, after the vacation of the judgment in June, is a sending with reasonable dispatch, and therefore "forthwith" within the meaning of the statute.

Having in mind the purpose of the Legislature in employing the word "forthwith," and the statutory direction that the defendant's return receipt, the plaintiff's affidavit of the defendant's non-residence and of the sending of a copy of the process and the notices, must be filed with the declaration, the statute, reasonably construed, means that the notice must be sent with all reasonable dispatch after the return of service, and, in any event, before the rule day for filing the declaration.

Notice, however proper, sent in August, 1937, with respect to an action commenced in September, 1934, is not notice "forthwith" within any reasonable conception of the meaning of the word. The defendants' knowledge of

the filing of the suit against them acquired by the notice sent in 1934, did not dispense with the requirement to send them forthwith notice of the effect of the service on the statutory agent. The plaintiff failed to complete the execution of that part of the process devolving upon it. The service of the writ of summons on the Secretary of State, of itself, availed nothing. That part of the process had force only in the event that a copy of the process with notice of its service, and of its effect was forthwith sent to the defendants. The defendants were entitled to treat the process attempted in 1934 as a nullity. The Court acquired no jurisdiction over the defendants for the reason that the process was invalid. Where the process is invalid, it is overthrown and annulled, and the proceeding is at an end. 1 *Woolley, Del. Pr.*, § 320. The situation is somewhat analogous to that where there is a lapse of a term between the original writ and an alias writ. In such case the pendency of the action is not maintained. 1 *Woolley, Del. Pr.*, § 330. To construe the statutory provisions as the plaintiff contends they should be construed, would leave open clear opportunities for the commission of fraud or injustice. Such a construction would be a denial of due process of law. *Spoturno v. Woods, supra.*

It must follow that the proceeding is terminated; and it is ordered that the process be quashed, and that the defendants be not required to plead to the declaration filed.