B. M. C. DURFEE TRUST COMPANY *vs.* JANE F. TURNER.

SAME *vs.* SAME.

Suffolk.     March 1, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Commencement of action; Abatement; Amendment; Appellate Division: appeal; Consolidation of actions.

An action at law properly was found not to have been commenced, against one substituted as defendant therein by a motion allowed *ex parte* and without notice to him, at least until after the delivery for service upon him of an order of notice procured nearly a year after such substitution, and it properly was abated upon proof that at that time there had been pending for over a year an action against him by the same plaintiff for the same cause although such action had been commenced after the original commencement of the first action.

No appeal lies to this court from a decision of an appellate division vacating an order by a district court consolidating two actions, such an order being interlocutory only.

TWO ACTIONS OF CONTRACT. Writs in the Municipal Court of the City of Boston dated, respectively, February 13 and February 14, 1935.

From orders by the Appellate Division upon reports by *Devlin,* J., and *Good,* J., the plaintiff appealed.

*C. W. Spencer,* for the plaintiff.

*J. S. O'Neill,* for the defendant.

RUGG, C.J. This record purports to bring before us two actions of contract by appeal from the Appellate Division of the Municipal Court of the City of Boston. There are two writs, two reports by different trial judges and two decisions by the Appellate Division.

The first report sets forth these facts: The plaintiff brought a writ in contract under date of February 13, 1935, returnable on March 2, 1935, against James F. Turner and certain persons named as trustees. Service was made on the trustees on February 13, 1935. They filed no answers and were defaulted. No service has ever been made on James F. Turner. That writ was duly entered and was numbered 379099 on the docket of the court. The declaration was in two counts to recover on two separate judgments against Jane F. Turner. On April 30, 1935, there was filed by the plaintiff and allowed by the court a motion to amend the writ and declaration by substituting the name of Jane F. Turner as and for James F. Turner. No service was made on Jane F. Turner in this case until after January 2, 1936. The plaintiff sued out a writ dated February 14, 1935, and returnable on March 2, 1935, against Jane F. Turner and the same persons as trustees as those named in the writ dated February 13, 1935. The declaration was identical with the one filed in that case. Service was made on the trustees on February 14, 1935, and subsequently service was made on the defendant. The trustees filed no answers and were defaulted. The defendant appeared on March 4, 1935, and filed an answer containing a general denial and payment. That case was duly entered and was numbered 379100.

On November 8, 1935, in case #379099 the plaintiff filed a motion to consolidate that case with the case numbered 379100. When that motion came on to be heard, Jane F. Turner by her attorneys, in #379100, the case wherein she was originally named as defendant, appeared and opposed the allowance of the motion. On December 28, 1935, the motion was allowed. Jane F. Turner being aggrieved thereby, the matter was reported to the Appellate Division under G. L. (Ter. Ed.) c. 231, § 108. The Appellate Division, on February 28, 1936, ordered that the allowance of the motion to consolidate be vacated. The plaintiff seasonably claimed an appeal from that decision to this court.

The second report recites these facts in addition to some

already stated: It refers to the case wherein the writ was dated February 13, 1935, in which James F. Turner was originally named as the principal defendant and which was numbered 379099. On April 30, 1935, the plaintiff presented for allowance a motion to amend that writ and declaration by substituting the name of Jane F. Turner as defendant as and for James F. Turner. Jane F. Turner was not notified of that motion and it was allowed *ex parte* on the day it was presented. On March 25, 1936, the plaintiff secured an order of notice in that case returnable on April 11, 1936, and service was made upon the defendant Jane F. Turner on March 26, 1936. She appeared specially and filed a plea in abatement setting up as bar the pendency of the action commenced February 14, 1935, for the same cause. The declarations in the two cases were identical. On April 24, 1936, the defendant's plea in abatement in #379099 was heard. The pleadings in that case and in case #379100 were introduced in evidence. The plea in abatement was sustained on April 28, 1936.

The plaintiff filed four requests for rulings, three of which were denied. The first of these was a request that the action pleaded in abatement of another must have been commenced first. This was denied on the ground that, although in the main it was good law, it was inapplicable to the facts. The trial judge found that case #379100, in which the writ was dated on February 14, 1935, against Jane F. Turner, was pending when case #379099 was begun against Jane F. Turner. The trial judge refused to rule that the evidence required a finding that case #379099 was begun on February 13, 1935, which was the date of the writ. He also refused to rule that the plea in abatement must be overruled "because the action pleaded in abatement was not pending when this action was begun." The plaintiff's contention rests on the theory that action #379099 was "commenced" against the defendant on February 13, 1935. The date of a writ is *prima facie* the commencement of an action. *Veginan* v. *Morse*, 160 Mass. 143, 146. *Pierce* v. *Tiernan*, 280 Mass. 180, and cases cited. *O'Brien* v. *McManama*, 281 Mass. 89, 90. But

it is not conclusive evidence. The rule is that "An action is commenced when a writ issues out and is delivered to an officer with a *bona fide* intent to have it served on the defendant." *Parker* v. *Rich*, 297 Mass. 111, and cases collected. There is nothing in the record to show that these necessary factors existed on February 13, 1935. No process for service on the defendant Jane F. Turner appears to have been handed to the officer until March, 1936, which was more than one year after the date written in the writ. There is no basis in the record for overturning the finding of the trial judge that "for the purposes of the issue before me #379100 was pending when action #379099 was begun against Jane F. Turner." The rule that an amendment of a writ "relates back" to the date of its issue is a rule of convenience. It is not applicable to the facts here disclosed. *Rosenblatt* v. *Foley*, 252 Mass. 188, 190. The case at bar is distinguishable from *Westminster National Bank* v. *Graustein*, 270 Mass. 565, 581.

There was no error on the branch of the case sustaining the plea in abatement.

The motion of the plaintiff to consolidate the two actions was granted by the trial judge. That order was vacated on report to the Appellate Division. The plaintiff undertook to appeal to this court from that decision of the Appellate Division. The right of appeal is given by G. L. (Ter. Ed.) c. 231, § 109, in these words: "An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court." The words "final decision" in this statute have been interpreted to mean a decision which leaves nothing open to further dispute and which sets at rest the cause of action between the parties. Appeals as to interlocutory matters do not fall within the scope of their significance. *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526. *Matson* v. *Sbrega*, 250 Mass. 138. *Hammond* v. *Boston Terminal Co.* 295 Mass. 566, and cases there collected. An order concerning the consolidation of cases relates to a matter interlocutory and not final in nature. *Lumiansky* v. *Tessier*, 213 Mass. 182, 189.

The same result is reached if it be assumed that this

appeal from an interlocutory matter is properly before us on appeal from the "final decision" whereby the defendant's plea in abatement was sustained. As has already been shown, at the time the motion for consolidation was made and allowed, only one action had been commenced against Jane F. Turner. There was therefore no foundation for a consolidation of actions. *Lumiansky* v. *Tessier*, 213 Mass. 182.

In each case the entry may be

*Order dismissing report affirmed.*