**Ruth C. HARDY and Roger E. Hardy, Plaintiffs,**

**v.**

**Joan R. GREEN and Sheldon Green, Defendants.**

**Civ. A. No. 67–282–J.**

United States District Court
D. Massachusetts.

Dec. 12, 1967.

Joseph S. Kennedy, James F. Moran, Dedham, Mass., for plaintiffs.

Alan G. Miller, Stephen J. Paris, Boston, Mass., for defendants.

## ACTION OF COURT ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

JULIAN, District Judge.

This negligence case arises from an automobile collision in Dedham, Massachusetts, alleged to have occurred on or about April 8, 1965. Plaintiffs are alleged to be husband and wife and citizens of Massachusetts, and defendants are alleged to be husband and wife and citizens of Rhode Island. Because the defendants reside outside the District of Massachusetts, plaintiffs relied on Federal Rule of Civil Procedure 4(e),[1] which looks to the statutes or rules of court of the state in which a federal court sits for the procedure, if any, for service of process on a nonresident defendant.

In this case the plaintiffs relied upon M.G.L. c. 90 §§ 3A–3C, which provide that a nonresident motorist who has taken advantage of the rights and privileges of motoring on Massachusetts highways shall be deemed to have appointed the Registrar of Motor Vehicles his true and lawful attorney for purposes of service of process in suits arising out of the use of Massachusetts highways. M.G.L. c. 90 §§ 3A–3B.

Defendants have appeared specially through counsel to challenge this Court's jurisdiction over them on the ground that the service of process failed to meet the requirements of M.G.L. c. 90 § 3C.[2] In their motion to dismiss or, in lieu thereof, to quash the return of service, defendants charge that notice was not sent to them "forthwith" as required by § 3C and that the notice which they did receive failed to mention service of process on the Registrar. Defendants also argue that, although the plaintiffs' complaint was filed with this Court within two years after the accident (thus complying with the Massachusetts statute of limitations, M.G.L. c. 260 § 2A), neither the service of process on the Registrar

1. [Summons]: "*Service Upon Party Not Inhabitant of or Found Within State.* * * * Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice * * * upon a party not an inhabitant of or found within the state * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

2. Section 3C, after providing for substituted service on the Registrar as agent for nonresident defendants, provides:

"(1) If the defendant is known by the plaintiff to be the holder of a motor vehicle registration or operator's license issued by another state * * * *notice of such service upon the registrar as attorney for the defendant and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant* at his address of record in the office from which such registration or license was issued." [Emphasis supplied]

nor the subsequent sending of notice to defendants occurred within the two-year period. This, they contend, deprives this Court of jurisdiction over the subject matter of the suit.

After the filing of briefs, the Court on June 5, 1967, held a hearing on defendants' motion. At that time three additional weeks were granted for the filing of supplemental briefs, after which the Court intended to take the matter under advisement. However, on June 26, 1967, the date the motion was to have been taken under advisement, special co-counsel for defendants requested by letter that the matter be set down for a further hearing at the next motion session. This was done, and the hearing was scheduled for October 2, 1967. Counsel for the defendants, however, failed to appear at the hearing. The matter was therefore taken under advisement.

Defendants base their contention that this Court lacks *in personam* jurisdiction over them on a strict application of the *Massachusetts* statute. They argue that § 3C, by its terms, required plaintiffs not only to effect service of a summons upon the Registrar but also "forthwith" to send notice of the fact of that service on the Registrar to defendants. They deem receipt of actual notice of the commencement of the suit, sent to them by plaintiffs, to be fatally defective if that notice fails to mention completed service on the Registrar.

In deciding this question this Court is bound by Federal Rule of Civil Procedure 4(e) to measure the sufficiency of the notice by the standards of the State statute.[3] Unlike the case of Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, in which the manner of service of process prescribed by a state statute conflicted with that authorized by Federal Rule 4(d) (1), there is in this case no Federal Rule which itself specifies a procedure for serving process on persons not resident or found within the state where the federal court sits. There is thus no conflict here between differing methods of service under the Federal Rules and state law and no necessity for applying a Federal Rule in lieu of a conflicting state rule. Quite to the contrary, in cases involving service of process on non-inhabitants the Federal Rules specifically require the Court to recognize as sufficient process which is accomplished in accordance with a state statute.

The question, then, becomes one of determining the appropriate degree of strictness with which compliance with the terms of the State statute is to be measured.

The plaintiffs filed their complaint on April 3, 1967. It is not disputed that service was in fact made on the Registrar by a deputy marshal on April 10, 1967, seven days after the complaint was filed. Return of service was not made until April 25, 1967. Even prior to that date, on April 24, 1967, plaintiffs' attorney mailed to each individual defendant a registered letter, return receipt requested. Each letter, on the letterhead stationery of the attorney, stated:

> "Please be advised that a suit has been brought in the United States District Court for the District of Massachusetts against you by Ruth C. Hardy and Roger E. Hardy. A copy of the Bill of Complaint is Enclosed."

Each letter contained not only a copy of the complaint but also a copy of the summons. The latter, apparently copied by the attorney, resembled the original with the exceptions that the Clerk's signature

---

3. Service of process in this case is not governed by Federal Rule of Civil Procedure 4(d) (1). Although the last phrase of that Rule suggests the existence of a service of process Rule specifically authorized by the Federal Rules, namely, that service could have been made on the Registrar as "an agent authorized * * * by law to receive service of process," that Rule must be read in conjunction with Rule 4(e), which specifically deals with substituted service on nonresidents. The more specific Rule 4(e) must control. If it did not, its inclusion in the Federal Rules would serve no purpose.

and seal were typed and that the date read "April 24, 1967" rather than "April 3, 1967" (the date on the original summons). Both defendants concede that they received these letters on April 25, 1967. Their special appearance was entered on May 12, 1967, when their attorney filed their motion to dismiss.

There is nothing to show that anything contained in these communications indicated that service of process had been made upon the Registrar. This is not entirely surprising, however, since the letters were sent even before the return of service was made. The omission of this information, defendants contend, rendered the notice insufficient under the statute. The Court rejects this contention.

■ A federal court applying a state statute should hardly be required to construe the statute more strictly than do the courts of that state. It is true that other federal courts sitting in other states with statutes of this type have followed the courts of those states in requiring strict construction of their statutes.[4] Those holdings, however, while entitled to careful consideration, are not controlling in the case before me. The controlling factor is what Massachusetts law requires under its statute.

■ Although the Massachusetts Supreme Judicial Court has never ruled on a case exactly in point, Massachusetts and United States Supreme Court decisions clearly indicate a less technically rigid interpretation of the statute than defendants request. The essential test applied to the sufficiency of process is whether it provided a defendant with "an indubitable and actual notice of the proceedings with every opportunity to protect his rights." Duggan v. Ogden, 1932, 278 Mass. 432, 436, 180 N.E. 301, 302, 82 A.L.R. 765. The Massachusetts procedure was held to meet the requirements of federal due process by the Supreme Court in Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

Further construing the statute in Wuchter v. Pizzutti, 1928, 276 U.S. 13, at 19, 48 S.Ct. 259 at 261, 72 L.Ed. 446, Mr. Chief Justice Taft (author of the Court's Opinion in *Hess*) noted that

"The Massachusetts statute, considered in Hess v. Pawloski really made necessary actual personal service to be evidenced by the written admission of the defendant."

There is nothing in the Massachusetts decisions to indicate that where, as here, such "actual personal service" of notice was in fact made on defendants, a more technical adherence to the statute is required. Smyrnios v. Weintraub, 1933, D.C.Mass., 3 F.Supp. 439, is not in point, for there registered letters sent to a nonresident defendant were returned with the notation that the addressee could not be found. In the case before me the purpose which the notice was designed to serve, namely, notifying defendants of the commencement of the suit and providing them with the required opportunity to appear and defend, was in fact fulfilled. The manner in which the notice was given complied essentially with the statute, and accomplished in fact the purpose of the statute. The requirements of due process were met. Technical variations from the statutory procedure are not, under Massachusetts law, fatal.

■ This Court therefore holds that timely service on the Registrar of Motor Vehicles, the mailing by plaintiffs to defendants of a copy of the summons and complaint together with a letter indicating the court in which suit was brought and the address of plaintiffs' attorney, and the actual receipt by the defendants of what was mailed, constituted sufficient notice within the meaning of M.G.L. c. 90 § 3C, and conferred jurisdiction over the defendants upon this Court.

■ This Court also rules that the requirement of § 3C that the notice be mailed "forthwith" has been met. Notice was sent in this case fourteen days

4. E. g., Alopari v. O'Leary, E.D.Pa., 1957, 154 F.Supp. 78, at 80; Berlanti Construction Co. v. Republic of Cuba, S.D. N.Y., 1960, 190 F.Supp. 126, at 128.

after service on the Registrar. This delay, if delay it was, was only four days longer than that approved in Duggan v. Ogden, 1932, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765. The ruling in Nickerson v. Fales, 1961, 342 Mass. 194, 172 N.E. 2d 832, in which a period of nearly two years expired between the service on the Registrar and the mailing of notice to defendants, does not reach this case. Here, in fact, notice was mailed even before return of service was made.

Defendants were not prejudiced either by the delay or by the absence of notice of service on the Registrar on the actual facts of this case. Defendants were given "'an indubitable and actual notice of the proceedings with every opportunity to protect [their] rights." Duggan v. Ogden, 1932, 278 Mass. 432, at 436, 180 N.E. 301, at 302.

Defendants' remaining contention is that this Court lacks jurisdiction because the two-year statute of limitations had expired. There is no dispute between the parties as to the timeliness of the *filing* of the complaint. Since the accident allegedly occurred April 8, 1965, and the complaint was filed with the Court on April 3, 1967, the statute had not at that time expired. Defendants, however, contend that, since service of process was not made on the Registrar until April 10, 1967, the suit had not been "commenced" within the statutory period. This argument lacks merit.

Prior to 1965, at least, a federal district court sitting in a diversity case based on a state-created cause of action was required, despite the language of Federal Rule of Civil Procedure 3, to apply the standards of the statute of limitations of the state where the court sat. Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; D'Onofrio Construction Co. v. Recon Co., 1958, 1 Cir., 255 F.2d 904, 907. A plaintiff was required to do, before the statute had run, whatever he would have been required to do had the action been brought in state court.

For more than a century, however, the Massachusetts law has been that an action is deemed to have commenced on the date a writ of summons is issued and delivered, with a bona fide intent that it be served, to an officer who has authority to make service. Butler v. Kimball, 1842, 46 Mass. (5 Metc.) 94; Bunker v. Shed, 1844, 49 Mass. (8 Metc.) 150, 153; Rosenblatt v. Foley, 1925, 252 Mass. 188, 190, 147 N.E. 558; Parker v. Rich, 1937, 297 Mass. 111, 113, 8 N.E.2d 345; Gray v. Dahl, 1937, 297 Mass. 260, 262, 8 N.E.2d 919; B. M. C. Durfee Trust Co. v. Turner, 1938, 299 Mass. 276, 279, 12 N.E.2d 847; Union Savings Bank v. Cameron, 1946, 319 Mass. 235, 238, 65 N.E.2d 313.

The summons in this case was issued, or "sued out," on April 3, 1967, and indicates on its face that it was delivered on April 5, 1967, at 4:20 p. m., to the office of the United States Marshal. There is no contention, and nothing to indicate, that there was lacking at that time a bona fide intent that it be served. Thus, under Massachusetts law this suit was "*commenced*" at that *moment for* purposes of the statute of limitations. This was three days before the statute expired.

Whether the *Ragan* case is still good law, however, and whether therefore the Massachusetts rule applies, is doubtful in light of the role given to the Federal Rules in procedural matters by Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8. If *Hanna* overruled *Ragan* (see concurring opinion of Justice Harlan in *Hanna*, 380 U.S. at page 476, 85 S.Ct. 1136), then Federal Rule of Civil Procedure 3 controls. By its terms, this suit was commenced with the filing of the complaint on April 3, 1967. Thus, under either the State or the Federal Rule, this suit was commenced well within the time permitted by M.G.L. c. 260 § 2A.

Defendants' motion is denied.