BARBARA K. WHITE *vs.* ROY M. HULTGREN, JR

Middlesex.   January 8, 1970. — February 10, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Jurisdiction,* Nonresident, Vacation of judgment.  *Practice, Civil,* Service of process, Nonresident, Vacation of judgment.

A petition to vacate judgment entered in an action initiates a new proceeding independent of the action, and the respondent must receive adequate notice thereof. [38]

Following nonsuit of the plaintiff for failure to answer interrogatories and entry of judgment for the defendant in an action commenced by service of process upon the Registrar of Motor Vehicles under G. L. c. 90, § 3A, against a nonresident operator of a motor vehicle involved in an accident on a Massachusetts highway, a proceeding by the plaintiff for vacation of the judgment was a proceeding "growing out of" the accident rather than one "growing out of" the nonsuit, and was properly begun by service of process upon the Registrar under § 3A. [38]

Where the plaintiff in an action against a nonresident operator of a motor vehicle involved in an accident on a Massachusetts highway filed a petition to vacate judgment for the defendant and the following day had process served on the Registrar of Motor Vehicles under G. L. c. 90, § 3A, but notice thereof was not mailed to the defendant until nine days after such service and was not received by the defendant until seven days after the mailing, and an order allowing the petition was entered the day after the mailing, it was held that the requirements of § 3C (1) respecting notice were not complied with and that a motion by the defendant for vacation of the order allowing the petition and for a hearing thereon should have been allowed. [39–40]

PETITION filed in the Superior Court on January 17, 1966, for vacation of judgment.

The respondent alleged an exception to denial of a motion by *Moynihan,* J.

*Michael E. Mone* for the respondent.

*William F. Dierkes* for the petitioner.

WILKINS, C.J.  This petition is to vacate judgment in a tort action in the Superior Court, Middlesex County, arising out of motor vehicle injuries received by Barbara K. White, the petitioner here and the plaintiff in the tort action, against the respondent Hultgren, the motor vehicle operator and defendant in the tort action.  The defendant Hultgren, who was a resident of Washington, D. C., in November, 1964, filed interrogatories to the plaintiff White, who neglected to answer them within twenty days.  Thereafter the defendant Hultgren, pursuant to Rule 36 of the Superior Court (1954),[1] filed an application for a nonsuit, which was entered on December 15, 1964.  On January 18, 1965, judgment in the tort action was entered for the defendant Hultgren.  On January 17, 1966, the petitioner White filed this petition, which was made returnable January 28.  She gave a surety company bond for costs.  On January 18 the order of notice was served on the registrar of motor vehicles.  Hultgren had been similarly served in the tort action.  On January 27 an attested copy of the petition with order of notice and officer's return of service was mailed to the respondent Hultgren at 2151 P Street, Washington, by air mail, certified mail, which he received on February 3, 1966.

On January 28, 1966, this petition was allowed while the respondent was still unaware of its pendency.  He did not learn of this until February 3, 1966, when he received the attested copies, as in the meantime he had moved to another address in Washington of which the petitioner was unaware.

---

[1] "Interrogatories may be filed within one year after the entry of a case or within such further time as the court may allow. . . . If a party interrogated shall fail to file answers . . . within twenty days . . . the interrogating party may file a written application that the adverse party be nonsuited or defaulted or that the bill be dismissed or taken for confessed."

On March 17, 1966, the respondent, appearing specially for the purpose of contesting jurisdiction in the present petition, filed in the Superior Court a motion for rehearing and for vacation of the order granting this petition to vacate. On January 7, 1967, the motion was heard on statements of counsel and was denied. The respondent excepted.

Due process of law requires that the respondent in a petition to vacate judgment receive notice adequate to permit him to appear and defend. *Nickerson* v. *Fales*, 342 Mass. 194, 199–200, citing *Webb Packing Co.* v. *Harmon*, 39 Del. 22, 29–30. There must be valid service of process because a petition to vacate judgment is a new proceeding, independent of the action in which the judgment was entered. *Maker* v. *Bouthier*, 242 Mass. 20, 21–22. *Beserosky* v. *Mason*, 269 Mass. 325, 328. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14, 16. *Noyes* v. *Bankers Indemn. Ins. Co.* 307 Mass. 567, 570.

The first question facing us is whether the petition to vacate was properly begun by service on the registrar of motor vehicles. Under G. L. c. 90, § 3A (as amended through St. 1955, c. 196, § 1), such service is authorized "in any action or proceeding . . . growing out of any accident or collision in which such person . . . [a nonresident] may be involved while operating a motor vehicle" on a public way in this Commonwealth.

In particular, the issue is whether a petition to vacate judgment in such an action which was properly brought in the first place by service on the registrar can be rightly described as "growing out of any accident" after a default for procedural failure or whether it should be described as "growing out of a nonsuit due to failure to file answers to interrogatories." We prefer the former construction. We are so convinced by the intent of the original statute which "was to assure to one, sustaining injury or damage due to the operation here of an automobile by a nonresident, the opportunity to seek redress in our own courts rather than to be remitted to bringing an action outside the Commonwealth wherever jurisdiction might be found, a circumstance

which might render illusory the right to sue." *Toczko* v. *Armentano*, 341 Mass. 474, 477. It would be a step in the opposite direction to construe the statute as calling for the loss of jurisdiction by procedural shortcomings on the part of one of the parties, even though that party be a resident of this Commonwealth.

The next question is whether jurisdiction over the respondent was obtained by the methods of notice to him which were used. In addition to service of process on the registrar, G. L. c. 90, § 3C (1), as appearing in St. 1937, c. 387, requires that "notice of such service upon the registrar . . . and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant . . . ." See *Nickerson* v. *Fales*, 342 Mass. 194, 197, where it was said that for a statute like G. L. c. 90, §§ 3A–3C, to be valid "it 'must . . . contain a provision making it reasonably probable that notice of the service on the . . . [registrar] will be communicated to the non-resident defendant who is sued.' *Wuchter* v. *Pizzutti*, 276 U. S. 13, 18. . . . There must be compliance with . . . [the statutory requirements for notice] before jurisdiction over a nonresident defendant can attach. Service on the registrar, without more, is not enough." See also pp. 190–200 of the *Nickerson* case where it was said, quoting from *Webb Packing Co.* v. *Harmon*, 39 Del. 22, 29–30, "'The reason for . . . [the use of the word "forthwith"] is clear. The Legislature intended to secure, as nearly as may be, to a non-resident defendant against whom jurisdiction is attempted under the statute, the same opportunity to defend before trial that he would have if personal service had been made upon him in this State. Opportunity to defend includes timely notice, in order that the testimony of witnesses, which by delay might be lost, may be obtained. The contents of the notice and the time of transmission are matters of substance affecting the validity of the process.'"

It is obvious that what was done here did not meet the requirements of § 3C (1). A mere chronology of events

proves this fact. The petition to vacate was filed on January 17, 1966. Service on the registrar was on January 18. Notice was mailed to the respondent on January 27, and was received on February 3, 1966. On January 28 the petition to vacate judgment was allowed.

The motion for vacation of the order granting the petition to vacate judgment and for a rehearing should have been allowed.

*Exceptions sustained.*