BARBARA GIFFORD & another *vs.* HELENE J. SPEHR.

Suffolk.   December 8, 1970. — February 8, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Jurisdiction*, Nonresident. *Practice, Civil*, Service of process, Nonresident.

Statement in *Nickerson* v. *Fales*, 342 Mass. 194, respecting G. L. c. 223,
§ 84, modified. [660]

G. L. c. 90, § 3C, requires not only service upon the Registrar of Motor
Vehicles but also a reasonable and substantially immediate attempt
to give the nonresident defendant by registered mail actual notice
of the litigation. [661–662]

Failure of the plaintiffs in an action for personal injuries seasonably commenced and arising out of an automobile accident in Massachusetts
to send registered mail notice of service of process on the Registrar of

Gifford *v.* Spehr.

Motor Vehicles to the defendant, a nonresident, as required by G. L. c. 90, § 3C, was a matter of substance, and where it appeared that after the expiration of the statute of limitations the action was discontinued by reason of such failure and a second action for the same cause between the same parties was commenced, it was held the first action was not "defeated . . . for . . . matter of form" within c. 260, § 32, that the second action could not be maintained by virtue of that section, and that the second action was rightly dismissed. [663–664]

Tort. Writ in the Municipal Court of the City of Boston dated September 9, 1968.

A motion to dismiss was heard by *Gillen,* J.

*Edward W. Waystack (John J. Cogavin* with him) for the defendant.

*Robert C. Hahn* for the plaintiffs.

Cutter, J. The plaintiffs sustained injuries on October 30, 1965, in an automobile accident in Massachusetts. The defendant (Spehr) was a resident of Bronxville, New York. An action (action no. 1), initiated by writ dated October 27, 1967, was discontinued on September 9, 1968, because, after service on the Registrar of Motor Vehicles, no notice was "forthwith . . . sent [to the defendant] by registered mail." See G. L. c. 90, § 3C (as appearing in St. 1937, c. 387). No affidavit of compliance with § 3C was filed. See *Nickerson* v. *Fales,* 342 Mass. 194, 198–200.

In reliance on G. L. c. 260, § 32, quoted in the margin,[1] the present new action (action no. 2) was commenced on the same day on which action no. 1 had been discontinued. A judge of the Municipal Court of the City of Boston allowed Spehr's motion to dismiss action no. 2. The two year statute of limitations (G. L. c. 260, § 4, as amended through St. 1965, c. 302; see later amendment by St. 1968,

---

[1] Section 32 reads, "If, in an action duly commenced within the time limited in this chapter, the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or if the action is otherwise avoided or defeated . . . *for any matter of form* . . . or if a judgment for the plaintiff or demandant is reversed, the plaintiff or demandant or any person claiming under him may commence a new action for the same cause within one year after the abatement or other determination of the original action, or after the reversal of the judgment . . . ." (emphasis supplied).

c. 94, § 1) had expired on October 30, 1967. The Appellate Division dismissed a report by the trial judge. The plaintiffs appealed.

1. In *Nickerson* v. *Fales*, 342 Mass. 194, service was made upon the Registrar of Motor Vehicles as required by c. 90, § 3C. The plaintiff failed to forward copies of the writ forthwith to the defendants, gave them no notice of service on the Registrar, and did not file an affidavit of compliance under § 3C. It was held that, because proper notice under § 3C (1) was not given "forthwith" to the nonresident defendants, no jurisdiction was acquired over them. In reaching this conclusion, it was decided (p. 199) that no discretionary supplementary process could be issued under G. L. c. 223, § 84,[2] because § 3C (1) was the "exclusive procedure for . . . notice."

In *Crete* v. *Audet*, 353 Mass. 725, 729, the plaintiff had attempted to give by registered mail immediate notice to the nonresident defendant Audet at the address given by him in his accident report to the Registrar of Motor Vehicles. Audet was held (pp. 730–731) to have "induced by his own conduct" (in giving the address upon which the plaintiff relied) the failure to reach him by registered mail. The case was remanded to the Superior Court for appropriate action concerning further notice to Audet under c. 223, § 84 (see fn. 2).

---

[2] Section 84 reads, "If the service of a writ . . . is defective or insufficient, the court . . . to which it is returnable may, upon motion of the plaintiff . . . issue further writs [or] processes . . . which shall be served in such manner as may be therein directed; and upon due service thereof, the court . . . shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ . . . . The action . . . shall be continued from time to time until such service is made." Our present review of the *Nickerson* case leads us to conclude that what was said in that case about § 84 should be somewhat modified. There (as in the present case) the failure to comply with § 3C was discovered after the then current statute of limitations had run. To have allowed new process then to issue under § 84 would have held the nonresident defendant to answer to an action of which he had no notice during (or even shortly after) the statutory period. We think the rule in the *Nickerson* case may be unfair to (and cause unnecessary expense and inconvenience to) a plaintiff who discovers his failure to comply with § 3C (and gets new process under § 84) during the statutory period. The *Nickerson* case should not be taken to hold that process under § 84 may not issue during the statutory period.

In *White* v. *Hultgren*, 357 Mass. 36, 38–40, service of a petition to vacate judgment was attempted under c. 90, §§ 3A–3C.[3] It was stated (p. 214) that "[due] process of law requires that the [nonresident] respondent . . . receive notice adequate to permit him to appear and defend." The opinion quoted and commented (pp. 215–216) on *Nickerson* v. *Fales*, indicating that for a statute like G. L. c. 90, §§ 3A–3C, to be valid, it "must . . . contain a provision making it reasonably probable that notice of the service on the . . . [registrar] will be communicated to the non-resident defendant who is sued." The *White* case also mentioned this court's reliance in the *Nickerson* case (pp. 190–200) upon the language in *Webb Packing Co.* v. *Harmon*, 39 Del. 22, 29–30, "The reason for . . . [the use of the word 'forthwith'] is clear. The Legislature intended to secure, as nearly as may be, to a non-resident defendant against whom jurisdiction is attempted under the statute, the same opportunity to defend before trial that he would have if personal service had been made upon him in this State. Opportunity to defend includes *timely notice, in order that the testimony of witnesses, which by delay might be lost,* may be obtained. The contents of the notice and the time of transmission are *matters of substance* affecting the validity of the process" (emphasis supplied).

In *Hardy* v. *Green*, 277 F. Supp. 958, 961–962 (D. Mass.), service on the nonresident defendant took place very shortly after the statute of limitations had run. The action, however, had been commenced just before the statute had run. The notice was held sufficient even though it did not comply precisely with the requirements of § 3C (1) because the defendants had actual knowledge of the pendency of the case seasonably.

The foregoing review of decisions under G. L. c. 90, §§ 3A–3C, shows that § 3C requires not only (a) service upon the Registrar of Motor Vehicles but also (b) a reason-

---

[3] On the facts of the *White* case, it was held that the notice there given was not timely and that it was insufficient to comply with § 3C (1).

able and substantially immediate attempt to give the defendant by registered mail actual notice of the litigation. The decisions treat the requirement of notice by registered mail as designed to afford the nonresident timely opportunity to defend, and also treat such notice` as matter of substance essential to personal jurisdiction of the defendant.

2. The plaintiffs contend that c. 260, § 32 (fn. 1), is applicable because action no. 1 was "defeated . . . for . . . matter of form." The trial judge specifically found that the plaintiffs discontinued action no. 1, "after having failed to complete service" under § 3C. He also found (or ruled) "that this failure was not created because of an unavoidable accident or default or neglect of the officer to whom it was committed — or for any matter of form."

Various Massachusetts cases interpret c. 260, § 32, its statutory predecessors, and other somewhat analogous statutes. In *Coffin* v. *Cottle*, 16 Pick. 383, a proceeding against an administrator, on the debt of his intestate, failed because the first letter of administration was held void. Later a new letter was issued. It was decided that a new action brought within one year of the failure of the former proceeding would lie under a predecessor of § 32. Chief Justice Shaw (p. 385) referred to the statute as "remedial" and as declaring (p. 386) "that where the plaintiff has been defeated *by some matter not affecting the merits*, some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so, provided he follows it promptly, by a suit within a year" (emphasis supplied). In *Woods* v. *Houghton*, 1 Gray, 580, 583, a trustee writ was abated because brought in a county where neither trustee resided. The abatement was held to be for "matter of form."

*Jordan* v. *County Commrs. of Bristol*, 268 Mass. 329, dealt with an eminent domain taking by the county commissioners. A petition under G. L. c. 79 was erroneously brought against the Commonwealth. A later proceeding, naming the county commissioners as respondents, was brought after the statute of limitations had run. It was held that the provisions of

G. L. c. 79, § 17 (somewhat comparable to those found in G. L. c. 260, § 32), did not apply to permit a new petition against the right respondent within a year after the former petition had abated. Proceeding against the wrong respondent was held not to be "matter of form." This court said (p. 332), "It is not essential that the first petition should have been disposed of on its merits in order to take it out of the class of petitions which fail for 'matter of form.'" It also was said (after reviewing our decisions), "[P]laintiff, cause of action, and defendant cannot be regarded as 'form' . . . . They are matters of substance." [4]

In *Loomer* v. *Dionne*, 338 Mass. 348,[5] an action brought in the wrong court was held "duly commenced" within c. 260, § 32. Although never entered, it was treated as "avoided" for "matter of form" within § 32. We said (pp. 351–352, emphasis supplied): "The first action *notified* the defendant that resort was to be made to the courts." It will be noted that, in the *Loomer* case, the defendant knew promptly about the proceeding in the wrong court. There is no indication, however, that Spehr in the present case knew anything about action no. 1 until August, 1968, shortly before action no. 2 was commenced by service on the Registrar of Motor Vehicles, almost three years after the accident.

3. From the foregoing review of the Massachusetts cases we conclude that the plaintiffs' failure to send registered mail notice to Spehr as required by G. L. c. 90, § 3C, is matter of substance and not matter of form. Allowing service under § 3C on a nonresident defendant in automobile causes arising in Massachusetts (instead of forcing a

---

[4] The opinion proceeded, "Misnomer or misdescription of any of these substantive elements may be 'matter of form' but the mistaken choice of a defendant unrelated to the subject matter of the case is not merely a formal error."

[5] The *Loomer* case in various respects is similar to *Gaines* v. *New York*, 215 N. Y. 533, 536, where a "saving" statute, similar to § 32, was held to permit a new proceeding where a former proceeding had failed because brought in a court which had no jurisdiction of the subject matter. There apparently had been service of process in the first proceeding so that the defendant knew that Gaines was seeking relief in the courts.

plaintiff to obtain personal jurisdiction of the nonresident defendant by an action where he resides) is a privilege which must be carefully exercised in the manner specified in §§ 3A–3C. These sections are designed to ensure full compliance with the requirements of due process, and particularly to give the nonresident defendant reasonable and timely notice of the proceeding. The *Nickerson* case, 342 Mass. 194, 199–200 (see particularly its reliance on the *Webb Packing Co.* case, 39 Del. 22, 28–30), establishes that an action which must be discontinued because of failure to send the registered mail notice "forthwith" is not abated "for any matter of form." [6]

*Order dismissing report affirmed.*

---

[6] Our interpretation of G. L. c. 260, § 32, is consistent with the reasoning of various decisions in other jurisdictions concerning the scope of statutes somewhat like § 32, although the decisions are by no means uniform. See *McFarland* v. *McFarland*, 151 Ga. 9; *Southern Flour & Grain Co.* v. *Simmons*, 49 Ga. App. 517, 521; *Smith* v. *Commissioners of Bourbon County*, 43 Kans. 619, 626–627; *Donnell* v. *Gatchell*, 38 Maine, 217, 218–219; *Conrad* v. *McCall* 205 Mo. App. 640, 644–646; *Mertens* v. *McMahon*, 115 S. W. 2d 180, 182–185 (Mo. App.). See also *Byron* v. *Great Am. Indem. Co.* 54 R. I. 405, 410–411; *Jones* v. *Morris Plan Bank*, 170 Va. 88, 92–94. See for general discussions of such statutes, annotations, 142 A.L.R. 1184, 1189–1191; 145 A.L.R. 1185; 54 A.L.R. 2d 1229; 55 A.L.R. 2d 1038; 79 A.L.R. 2d 1270; 6 A.L.R. 3d 1043, 1053–1058; 13 A.L.R. 3d 848. Cf. *Wente* v. *Shaver*, 350 Mo. 1143, 1150–1154.