Dolan, RJ.
In this subrogation action, plaintiffs seek PIP benefits and property damages as a result of a motor vehicle accident. The court dismissed this action for the reason that defendants were never properly served with process. There is no error.
Defendant Michael B. Johnson (“Johnson”), while operating a tractor trailer unit on behalf of defendant Greenfield Transport Co., Inc. (“Greenfield”) on or about April 18, 1990, was involved in a motor vehicle accident with a motor vehicle operated by plaintiff Kathleen McDonough. Three other plaintiffs were passengers in that vehicle.
Although no Massachusetts State Troopers witnessed this accident, Trooper Adams issued a citation to Johnson on April 22, 1990, four days after the accident occurred. The alleged violations were for following too close and for operating in the left lane. On the citation the vehicle owner is listed as “Green Field Transport Co., 1515 3rd Ave. NW, Box 1235, Fort Dodge, Iowa 05501.” This citation was mailed to Johnson in care of Greenfield at the aforementioned address on May 30, 1990.
This action was filed on July 16, 1992. Summonses were returned with indications that Greenfield and Johnson were served by means of service on the Registry of Motor Vehicles on July 23, 1992. On September 24, 1992, Affidavits of Compliance were filed stating that service on the defendants was made pursuant to G.L.c. 90, §3C, and that notice under Paragraph 1 of said section was given by mailing a copy of the process by registered mail with a personal return receipt requested to the following addresses: 1515 Avenue, P.O. Box 1235, New Waverly, TX (as to Greenfield) and: 2136 Murphy Drive 1607, Bedford, TX (as to Johnson).
Subsequently, the plaintiffs applied for default judgments, which were ordered on Sept. 21,1993. Executions were issued on October 7,1993, against Greenfield and Johnson.
At no time prior to judgment did either of the defendants receive actual notice of this action. The process for Greenfield was mailed to a nonexistent address and was not mailed to the address of record at the office that issued Greenfield’s registration for the subject motor vehicle, the Iowa Department of Transportation. The process for Johnson also was not mailed to the address of record at the office that issued his operator’s license.
Greenfield first received notice of this action when plaintiffs’ attorney sent a copy of a letter addressed to the Iowa Department of Transportation, directly to Greenfield at its Iowa address. The letter requested the Iowa Department of Transportation to revoke all of Greenfield’s vehicle registrations because the plaintiffs claimed they held an unsatisfied judgment against Greenfield.
On April 8,1994, counsel for the defendants filed a notice of special appearance *81 along with motions for relief from judgment and motions to dismiss. The court allowed these motions and plaintiffs appealed.
G.L.c. 90, §3C permits service of process on out of state residents for actions arising out of motor vehicle accidents in Massachusetts by leaving a copy of the process and predetermined fee with the Registrar of Motor Vehicles and by giving notice to the defendant by one of two methods. Plaintiffs attempted to comply with the method by which a plaintiff gives notice to a defendant known to be a holder of a motor vehicle registration or operator’s license issued by another state or country, by sending a copy of the process served on the Registrar “to the defendant at his address of record in the office from which such registration or license was issued.” Instead of mailing copies of the process as prescribed above, the plaintiffs sent notice to addresses, which were not those of record in the offices where the motor vehicle registration and operator’s license were issued.
As to Greenfield, notice was purportedly sent to “1515 Avenue, P.O. Box 1235, New Waverly, TX.” No such address exists. When this action was commenced the motor vehicle owned by Greenfield was registered in the state of Iowa. Greenfield’s address of record at the Iowa Department of Transportation was, and still is, 1515 Third Avenue NW, Box 1235, Fort Dodge, Iowa 50501.
The notice to Johnson was sent to “2136 Murphy Drive, 1607, Bedford, TX.” This was not the address of record for Johnson in the office which issued his operator’s license. Johnson’s address of record was 3217 Hickory Ct., Bedford, TX 76021. This action was properly dismissed. Nickerson v. Fales, 342 Mass. 194 (1961).
Plaintiffs argue that G.L.c. 223, §84 requires the court to dismiss the action without prejudice and that this dismissal acts as a dismissal with prejudice for the reason that the statute of limitations on plaintiffs’ claim had run as of April 18, 1993. Assuming, without deciding, that a dismissal with prejudice would be error, the court did not dismiss this action with prejudice. The action was simply dismissed for the reason that defendants had not been properly served for almost two years. See Dist./Mun. Cts. R. Civ. P, Rule 4(j). Although the statute of limitations may be a bar to any subsequent action between the parties, Rule 8(e) requires the defense of the statute of limitations to be pleaded as an affirmative defense in any further action. See Gifford v. Spehr, 358 Mass. 658 (1971). Defendants may, but need not, plead that statute.
Report dismissed.