MARK HANSON *vs*. DANIEL VENDITELLI & another.[1]

No. 97-P-2235.

Suffolk. March 16, 1999. - July 27, 1999.

Present: KASS, DREBEN, & JACOBS, JJ.

*Jurisdiction,* Superior Court, Nonresident. *Practice, Civil,* Service of process, Enlargement of time. *Notice,* Timeliness.

In a negligence action brought against two Rhode Island residents, arising out of an automobile accident in Massachusetts, where the plaintiff failed to comply with the actual notice "forthwith" requirement of G. L. c. 90, § 3C, as amended by St. 1980, c. 572, § 33, the defendants' motion to dismiss should have been allowed, and a Superior Court judge did not have discretion under Mass.R.Civ.P. 6(b) to enlarge the time within which to perfect service of process. [415-418]

CIVIL ACTION commenced in the Superior Court Department on December 30, 1996.

Motions to dismiss and to enlarge time for service of process were heard by *Paul A. Chernoff,* J.

Leave to prosecute an interlocutory appeal was allowed by *Jacobs,* J.

*Kevin J. Holley* for the defendants.

*Jack M. Atwood,* for the plaintiff, was present but did not argue.

DREBEN, J. This negligence action arising out of an automobile accident in Massachusetts was brought against two Rhode Island residents, the owner and the operator of the vehicle that collided with the plaintiff's vehicle. The question on this appeal is whether the judge erred in denying the defendants' motion to dismiss for lack of jurisdiction due to the failure of the plaintiff to comply with G. L. c. 90, § 3C, which is set forth in the

---

[1]Arthur Venditelli, the owner of the vehicle.

margin.[2] We conclude that the action should have been dismissed.

The accident occurred on January 26, 1994, and the complaint was filed on December 30, 1996. Although the plaintiff served the registrar of motor vehicles on January 10, 1997, he did not give the defendants notice as provided in either paragraphs one or two of § 3C. He neither mailed the defendants notice of his

---

[2]General Laws c. 90, § 3C, as amended by St. 1980, c. 572, § 33, provides:

"Service of process under section three A or three B shall be made by leaving a copy of the process . . . in the hands of the registrar, or in his office, and by giving the defendant notice in either the manner provided in paragraph (1) or in that provided in paragraph (2) hereof, and such service shall be sufficient service upon a defendant who has under either of said sections appointed the registrar or his successor his true and lawful attorney therefor.

"(1) If the defendant is known by the plaintiff to be the holder of a motor vehicle registration or operator's license issued by another state or country, notice of such service upon the registrar as attorney for the defendant and a copy of the process shall *forthwith* be sent by registered mail, with return receipt requested, by the plaintiff to the defendant at his address of record in the office from which such registration or license was issued. The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, shall be filed in the case on or before the return day of the process or within such further time as the court may allow. If the defendant has no motor vehicle registration or license known to the plaintiff, such notice and copy shall be sent in the same manner to the last address of the defendant known to the plaintiff, and affidavit of compliance herewith, and the defendant's return receipt or other proof of actual notice, shall be filed in the case within the time above provided. [Emphasis added.]

"(2) Notice of such service upon the registrar and a copy of the process shall be served upon the defendant, if found within the commonwealth, by a sheriff or deputy sheriff of any county of this commonwealth, or, if found without the commonwealth, by any duly constituted public officer qualified to serve like process in-the state or jurisdiction where the defendant is found, and the officer's return showing such service to have been made shall be filed in the case on or before the return day of the process or within such further time as the court may allow.

"(3) The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

having served the registrar nor did he have the defendants served by a public officer. Instead, on March 27, 1997, a legal assistant in the plaintiff's counsel's office wrote a letter to Arthur Venditelli's insurer, Peerless Insurance Company, informing that an action had been filed and that service had been made on the registrar on behalf of the Venditellis pursuant to c. 90, § 3A. Previously, on July 8, 1994, the plaintiff's counsel had notified the insurer that he represented the plaintiff in a claim for personal injuries.

On April 15, 1997, the defendants, arguing that the Superior Court was without jurisdiction because the plaintiff had failed to comply with § 3C, filed a motion to dismiss. The plaintiff, claiming "excusable neglect" under Mass.R.Civ.P. 6(b), 365 Mass. 747 (1974), and pointing out that the ninety-day time limit of Mass.R.Civ.P. 4(j),[3] as amended, 402 Mass. 1401 (1988), had only expired on March 31, 1997, countered with a motion to enlarge time in which to perfect service of process. The motion was accompanied by an affidavit of counsel stating that counsel had been ill between March 12 and March 25, 1997. A judge of the Superior Court allowed the plaintiff's motion, finding excusable neglect on the part of counsel, and noted that because the defendant's insurer received actual notice of the action approximately ninety days after the action had been brought, the defendants were not prejudiced by the delay.

The defendants sought relief from a single justice of this court and an interlocutory appeal was allowed.

In upholding the Massachusetts statute providing for service on nonresidents, the Supreme Court in *Hess* v. *Pawloski*, 274 U.S. 352, 356 (1927), noted that c. 90 requires that the nonresident "shall actually receive and receipt for notice of the service and a copy of the process." While the statute was amended by St. 1937, c. 387, to provide that the defendant's return receipt shall be filed only "if received by the plaintiff," both proper and "forthwith" notice to the defendant continue to be critical requirements under our cases. The plaintiff has satisfied neither. Nor has he shown that the failure to receive notice

---

[3]Rule 4(j) provides that if service has not been made within ninety days after filing of the complaint and no good cause for such failure has been shown, the court upon its own initiative shall dismiss the action without prejudice.

was due to the acts of the defendants as in *Crete* v. *Audet*, 353 Mass. 725, 730 (1968).

We need not decide whether actual notice would relieve the plaintiff from complying with the statute, although that proposition is most doubtful since the giving of the statutory notice is a "matter of substance essential to personal jurisdiction of the defendant." *Gifford* v. *Spehr*, 358 Mass. 658, 662 (1971).[4] *Nickerson* v. *Fales*, 342 Mass. 194, 200 (1961). See *Bond* v. *Golden*, 273 F.2d 265, 268 (10th Cir. 1959) (construing Kansas law).

In any event, the evidence of actual "forthwith" notice is weak. Unlike *Duggan* v. *Ogden*, 278 Mass. 432, 436 (1932), where the deviation from the statute, if any (service by a deputy sheriff instead of notice by registered mail), provided the defendant with "an indubitable and actual notice of the proceedings with every opportunity to protect his rights," in this case there is a far cry from such notice.

The only basis relied on by the plaintiff to prove notice to the defendant is that the defendant's insurer had knowledge of the claim against its insured in July, 1994, and also received notice of the action on March 27, 1997. There is no indication in the record that the insurer informed the defendants, let alone of what it informed them or when. Its interest may not have coincided with those of the insured. Moreover, the letter to the insurer, which was mailed more than two and one-half months after service on the registrar, was itself not sent "forthwith."[5] The letters to the insurer did not serve as a valid substitute for service on the defendants.

We turn next to the propriety of the extension given by the judge, purportedly under Mass.R.Civ.P. 6(b). Passing the dubious excuse of the plaintiff's attorney to show excusable neglect — a fourteen-day sickness in March, a period long after any period of time which could be considered "forthwith" — the

---

[4]Although *Gifford* v. *Spehr*, 358 Mass. at 661, suggested that the decision in *Hardy* v. *Green*, 277 F. Supp. 958, 961-962 (D. Mass. 1967), held the notice sufficient even though it did not comply precisely with the statutory requirements "because the defendants had actual knowledge of the pendency of the case seasonably," the *Hardy* case can also be read as holding that the omission was of little consequence, as the notice given was adequate and complied substantially with the statute.

[5]The July, 1994 letter that a claim was being made was not the statutory notice "any more than it could be said that the fact that the accident occurred was sufficient notice of the action." *Heinert* v. *Johnson*, 319 F. Supp. 201, 205 (D.C.Z. 1970).

judge was without discretionary power to issue an order of notice under rule 6(b). In *Nickerson* v. *Fales*, 342 Mass. at 199, the court viewed § 3C as providing "the exclusive procedure for notice," and held that G. L. c. 223, § 84, which gives discretionary power to a judge to allow the service of new process where there is insufficient service of process, could not be used where another statute, that is § 3C, sets forth an exclusive procedure for giving notice.[6] The "forthwith" requirement could not be avoided by resort to § 84. The Legislative purpose of the "forthwith" requirement was:

> "to secure, as nearly as may be, to a non-resident defendant against whom jurisdiction is attempted under the statute, the same opportunity to defend before trial that he would have if personal service had been made upon him in this State. Opportunity to defend includes timely notice, in order that the testimony of witnesses, which by delay might be lost, may be obtained. The contents of the notice and the time of transmission are matters of substance affecting the validity of the process."

*Nickerson, supra* at 199-200, quoting from *Webb Packing Co.* v. *Harmon*, 39 Del. 22, 29-30 (Super. Ct. 1937).

In *Gifford* v. *Spehr,* 358 Mass. at 659, the plaintiffs unsuccessfully attempted to rely on another statute, G. L. c. 260, § 32, to extend the time for service. The plaintiffs' action had been discontinued because no notice had been sent "forthwith" to the defendant by registered mail, as required by § 3C. They sought to invoke G. L. c. 260, § 32, a statute that permits an action dismissed "for any matter of form" to be brought again within a year after the dismissal. See *id.* at 659 n.1. The court held that timely notice was a matter of substance and not a matter of form and that § 3C requires "a reasonable and *substantially immediate* attempt to give the defendant by registered mail actual notice of the litigation . . . to afford the nonresident timely opportunity to defend . . ." (emphasis supplied). *Id.* at 661-662. Permitting the plaintiff to obtain personal jurisdiction under § 3C on a nonresident defendant "is a privilege which

---

[6]Although the court in *Gifford* v. *Spehr*, 358 Mass. at 660 n.2, modified *Nickerson* to suggest that new process under § 84 could issue before the statute of limitations had run, that modification has no application here, as the statute ran on January 26, 1997, and the plaintiff did not seek to enlarge time for service of process until April 29, 1997.

must be carefully exercised in the manner specified in §§ 3A-3C. These sections are designed to ensure full compliance with the requirements of due process, and particularly to give the nonresident defendant reasonable and timely notice of the proceeding." *Id.* at 663-664. Thus, the action which had been discontinued because of a failure to send the registered mail notice "forthwith" was not abated "for any matter of form." *Id.* at 664. A new action could not be brought under G. L. c. 260, § 32.

Similarly here, the judge did not have discretion under rule 6(b) to avoid the "forthwith" requirement in § 3C, as that statute provides the exclusive method for giving notice and obtaining personal jurisdiction on nonresident defendants.

Accordingly, the order allowing the plaintiff's motion to enlarge the time for service of process is vacated, and an order dismissing the plaintiff's action shall be entered on the docket of the Superior Court.

*So ordered.*